UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

WILFREDO BATISTA and ANNA SANCHEZ,

                            Plaintiffs,

        -against-

THE CITY OF NEW YORK, THE COUNTY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTIONS, NEW YORK CITY DEPARTMENT OF PROBATION, NEW YORK CITY POLICE DEPARTMENT, 33RD PRECINCT, THE COUNTY OF HILLSBOROUGH, FLORIDA, HILLSBOROUGH COUNTY SHERIFF'S DEPARTMENT, HILLSBOROUGH COUNTY DEPARTMENT OF CORRECTIONS, HILLSBOROUGH DEPARTMENT OF PROBATION,

                            Defendants.

------------------------------------------------------------------ x

**ANSWER BY DEFENDANTS CITY, NYC DEPARTMENT OF CORRECTION, NYC DEPARTMENT OF PROBATION, NYC POLICE DEPARTMENT**

JURY TRIAL DEMANDED

05 Civ. 8444 (JES)

      Defendants City of New York, New York City Department of Correction, New York City Department of Probation, and New York City Police Department ("New York city Defendants"), by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to the complaint, respectfully allege upon information and belief as follows.

      1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs purport to bring this action as stated therein.

      2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the City of New York Office of the Comptroller on September 28, 2004.

      3.     Deny the allegations set forth in paragraph "3" of the complaint.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York is a municipal corporation existing under the laws of the State of New York.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Defendants state that the allegations set forth in paragraph "6" of the complaint constitute legal conclusions to which no response is required.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiffs purport to bring this action and invoke the jurisdiction of this Court as stated therein.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiffs purport to bring this action and invoke the jurisdiction of this Court as stated therein.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiffs purport to bring this action and invoke the jurisdiction of this Court as stated therein.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiffs purport to bring this action in this venue as stated therein.

11. Defendants state that the allegations set forth in paragraph "11" of the complaint do not constitute averments requiring responses.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the City of New York Office of the Comptroller on or about September 28, 2004.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that the claim has not been settled or adjusted by the City.

25. Defendants state that the allegations set forth in paragraph "25" of the complaint constitute legal conclusions to which no response is required.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Defendants state that the allegations set forth in paragraph "29" of the complaint constitute legal conclusions to which no response is required.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses to all the preceding paragraphs of this answer as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint as they pertain to the New York City Defendants and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the non-City defendants.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint as they pertain to the New York City Defendants and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the non-City defendants.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Defendants state that the allegations set forth in paragraph "50" of the complaint constitute legal conclusions to which no response is required.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. In response to the allegations set forth in paragraph "52" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the complaint as they pertain to the New York City Defendants and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the non-City defendants.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint as they pertain to the New York City Defendants and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the non-City defendants.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. In response to the allegations set forth in paragraph "59" of the complaint, defendants repeat and reallege the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint as they pertain to the New York City Defendants and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the non-City defendants.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

## FOR A FIRST AFFIRMATIVE DEFENSE

66. The complaint fails to state a claim upon which relief can be granted.

## FOR A SECOND AFFIRMATIVE DEFENSE

67. Any injuries alleged to have been sustained resulted from the culpable, negligent, or intervening conduct of plaintiff Wilfredo Batista or some other person not under the control of the New York City Defendants, and was not the proximate result of any act of the New York City Defendants.

## FOR A THIRD AFFIRMATIVE DEFNSE

68. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant's officials entailed the reasonable exercise of proper and lawful

discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

## FOR A FOURTH AFFIRMATIVE DEFENSE

69. There was probable cause for plaintiff Wilfredo Barista's arrest and/or detention.

## FOR A FIFTH AFFIRMATIVE DEFENSE

70. Plaintiffs provoked any incident.

## FOR A SIXTH AFFIRMATIVE DEFENSE

71. Plaintiffs' claims are barred, in whole or in part, because plaintiffs failed to comply with all conditions precedent to suit.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

72. Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have the defendants violated any act of Congress providing for the protection of civil rights.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

73. Plaintiffs' claims against defendants New York City Department of Correction, New York City Department of Probation, and New York City Police Department are barred under the New York City Charter.

## FOR A NINTH AFFIRMATIVE DEFENSEU

74. Plaintiffs are not entitled to punitive damages as against defendant City of New York.

WHEREFORE, defendants City of New York, New York City Department of Correction, New York City Department of Probation, and New York City Police Department respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 23, 2006

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of the City of New York
                                      Attorney for Defendants City of New York, NYC
                                      Department of Correction, NYC Department of
                                      Probation, NYC Police Department.
                                      100 Church Street
                                      Room 3-212
                                      New York, New York 10007
                                      (212) 788-0823

                                      By: _____
                                          Hillary A. Frommer (HF 9286)
                                          Assistant Corporation Counsel

TO:    Joy Bunch
        Law Offices of Brogdon & Bunch, LLP
        250 Fulton Avenue
        Suite M200
        Hempstead, New York 11550
        (516) 292-3800

## CERTIFICATE OF SERVICE BY MAIL

I, Hillary A. Frommer, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on January 23, 2006, I served the annexed **Answer by Defendants City, NYC Department of Correction, NYC Department of Probation, NYC Police Department** upon the following counsel of record by depositing a copy of same, enclosed in a first-class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney at the address set forth below, being the address designated by said attorney for that purpose:

>Joy Bunch
>Law Offices of Brogdon & Bunch, LLP
>250 Fulton Avenue
>Suite M200
>Hempstead, New York 11550

Dated: New York, New York
       January 23, 2006

                                        _____
                                        Hillary A. Frommer

Index No. 05-Civ-8444 (JES)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO BATISTA and ANNA SANCHEZ,

Plaintiffs,

-against-

THE CITY OF NEW YORK, THE COUNTY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTIONS, NEW YORK CITY DEPARTMENT OF PROBATION, NEW YORK CITY POLICE DEPARTMENT, 33RD PRECINCT, THE COUNTY OF HILLSBOROUGH, FLORIDA, HILLSBOROUGH COUNTY SHERIFF'S DEPARTMENT, HILLSBOROUGH COUNTY DEPARTMENT OF CORRECTIONS, HILLSBOROUGH DEPARTMENT OF PROBATION,

Defendants.

**ANSWER BY DEFEDANTS CITY, NYC DEPARTMENT OF CORRECTION, NYC DEPARTMENT OF PROBATION, NYC POLICE DEPARTMENT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, NYC Department of Correction, NYC Department of Probation, NYC Police Department*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Hillary A. Frommer*
*Tel: (212) 788-0823*
*NYCLIS No. 05SF025552*

Due and timely service is hereby admitted.

New York, N.Y. ......................................, 200......

........................................................................ Esq.

*Attorney for* ........................................................................