UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

WILFREDO BATISTA and ANNA SANCHEZ,

                              Plaintiffs,

-against-

THE CITY OF NEW YORK, STATE OF FLORIDA:
DEPARTMENT OF CORRECTIONS; STATE OF
FLORIDA: TAMPA EAST DIVISION AND PAROLE,

                              Defendants.

**ANSWER BY DEFENDANT CITY OF NEW YORK TO VERIFIED COMPLAINT**

JURY TRIAL DEMANDED

05 Civ. 8444 (KMK)

------------------------------------------------------------------------ x

      Defendant City of New York, by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for an answer to the complaint, respectfully alleges upon information and belief as follows.

      1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiffs purport to bring this action as stated therein.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the City of New York Office of the Comptroller on September 28, 2004.

      3.     Denies the allegations set forth in paragraph "3" of the complaint.

      4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that the City of New York is a municipal corporation existing under the laws of the State of New York and respectfully refers the Court to the New York City Charter and New York City Administrative Code for a recitation of the relationship between the City and any agencies thereof.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Defendant states that the allegations set forth in paragraph "6" of the complaint constitute legal conclusions to which no response is required.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that plaintiffs purport to bring this action and invoke the jurisdiction of this Court as stated therein.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that plaintiffs purport to bring this action and invoke the jurisdiction of this Court as stated therein.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that plaintiffs purport to bring this action and invoke the jurisdiction of this Court as stated therein.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that plaintiffs purport to bring this action in this venue as stated therein.

11. Defendant states that the allegations set forth in paragraph "11" of the complaint do not constitute averments requiring responses.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Defendant City denies the allegations set forth in paragraph "15" of the complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to defendants other than the City of New York

16. Denies the allegations set forth in paragraph "16" of the complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to defendants other than the City of New York.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to defendants other than the City of New York.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to defendants other than the City of New York.

23. Denies the allegations set forth in paragraph "23" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the City of New York Office of the Comptroller on or about September 28, 2004.

24. Denies the allegations set forth in paragraph "24" of the complaint, except admits that the claim has not been settled or adjusted by the City.

25.  Defendant states that the allegations set forth in paragraph "25" of the complaint constitute legal conclusions to which no response is required.

26.  In response to the allegations set forth in paragraph "26" of the complaint, defendant City repeats and realleges the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

27.  Denies the allegations set forth in paragraph "27" of the complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to defendants other than the City of New York.

28.  Denies the allegations set forth in paragraph "28" of the complaint.

29.  Defendant states that the allegations set forth in paragraph "29" of the complaint constitute legal conclusions to which no response is required.

30.  Denies the allegations set forth in paragraph "30" of the complaint.

31.  Denies the allegations set forth in paragraph "31" of the complaint.

32.  In response to the allegations set forth in paragraph "32" of the complaint, defendant City repeats and realleges the responses to all the preceding paragraphs of this answer as if fully set forth herein.

33.  Denies the allegations set forth in paragraph "33" of the complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to defendants other than the City of New York.

34.  Denies the allegations set forth in paragraph "34" of the complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to defendants other than the City of New York.

35. Denies the allegations set forth in paragraph "35" of the complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to defendants other than the City of New York.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to defendants other than the City of New York.

38. Defendant state that the allegations set forth in paragraph "38" of the complaint constitute legal conclusions to which no response is required.

39. Denies the allegations set forth in paragraph "39" of the complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to defendants other than the City of New York.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendant City repeats and realleges the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Defendant states that the allegations set forth in paragraph "45" of the complaint constitute legal conclusions to which no response is required.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendant City repeats and realleges the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Defendant states that the allegations set forth in paragraph "50" of the complaint constitute legal conclusions to which no response is required.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. In response to the allegations set forth in paragraph "52" of the complaint, defendant City repeats and realleges the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

53. Defendant states that the allegations set forth in paragraph "53" of the complaint constitute legal conclusions to which no response is required.

54. Denies the allegations set forth in paragraph "54" of the complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegatiosn with respect to defendants other than the City of New York.

55. Denies the allegations set forth in paragraph "55" of the complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the defendants other than the City.

56. Denies the allegations set forth in paragraph "56" of the complaint and denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to defendants other than the City of New York.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. In response to the allegations set forth in paragraph "59" of the complaint, defendant City repeats and realleges the responses set forth in all the preceding paragraphs of this answer as if fully set forth herein.

60. Denies the allegations set forth in paragraph "60" of the complaint.

61. Denies the allegations set forth in paragraph "61" of the complaint.

62. Defendant states that the allegations set forth in paragraph "62" of the complaint constitute legal conclusions to which no response is required.

63. Defendant states that the allegations set forth in paragraph "63" of the complaint constitute legal conclusions to which no response is required.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. Denies the allegations set forth in paragraph "65" of the complaint.

### FOR A FIRST AFFIRMATIVE DEFENSE

66. The complaint fails to state a claim upon which relief can be granted.

### FOR A SECOND AFFIRMATIVE DEFENSE

67. Any injuries alleged to have been sustained resulted from the culpable, negligent, or intervening conduct of plaintiff Wilfredo Batista or some other person not under the control of the City of New York, and was not the proximate result of any act of the New York City Defendants.

### FOR A THIRD AFFIRMATIVE DEFNSE

68. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

## FOR A FOURTH AFFIRMATIVE DEFENSE

69. There was probable cause for plaintiff Wilfredo Barista's arrest and/or detention.

## FOR A FIFTH AFFIRMATIVE DEFENSE

70. Plaintiffs or others not under the control of defendant City of New York provoked any incident.

## FOR A SIXTH AFFIRMATIVE DEFENSE

71. Plaintiffs' claims are barred, in whole or in part, because plaintiffs failed to comply with all conditions precedent to suit.

## FOR A SEVENTH AFFIRMATIVE DEFENSE

72. Defendant City has not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have the defendants violated any act of Congress providing for the protection of civil rights.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE

73. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

WHEREFORE, defendant City of New York respectfully requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 25, 2006

        MICHAEL A. CARDOZO
        Corporation Counsel of the City of New York
        Attorney for Defendant City of New York
        100 Church Street
        Room 3-212
        New York, New York 10007
        (212) 788-0823

By: _____
        Hillary A. Frommer (HF 9286)
        Assistant Corporation Counsel

TO:    Joy Bunch
        Law Offices of Brogdon & Bunch, LLP
        250 Fulton Avenue
        Suite M200
        Hempstead, New York 11550
        (516) 292-3800

Index No. 05-Civ-8444 (JES)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO BATISTA and ANNA SANCHEZ,

Plaintiffs,

-against-

THE CITY OF NEW YORK, STATE OF FLORIDA: DEPARTMENT OF CORRECTIONS: STATE OF FLORIDA: TAMPA EAST DIVISION AND PAROLE,

Defendants.

**ANSWER BY DEFENDANT CITY OF NEW YORK TO VERIFIED COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Hillary A. Frommer*
*Tel: (212) 788-0823*
*NYCLIS No. 05SF025552*

Due and timely service is hereby admitted.

New York, N.Y. .................................................., 200......

.............................................................................. Esq.

Attorney for ..............................................................