UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
WILFREDO BATISTA and ANNA SANCHEZ,

                                                Case No.: 05 CV 8444 (JES)
                  Plaintiffs,

                                               <u>AMENDED VERIFIED</u>
                                               <u>COMPLAINT</u>
                                               (DEMAND FOR JURY TRIAL)

       -against-

THE CITY OF NEW YORK,
STATE OF FLORIDA: DEPARTMENT
OF CORRECTIONS; STATE OF FLORIDA: TAMPA EAST
DIVISION OF PROBATION AND PAROLE,

                                   Defendants.
_____X

      Plaintiffs, by their attorney, LAW OFFICES OF BROGDON & BUNCH, LLP,

by Joy S. Bunch, Esq., for their complaint, alleges as follows:

<u>PRELIMINARY STATEMENT</u>

1.      This is an action against defendants for their tortuous, illegal and unconstitutional acts, which resulted in the wrongful arrest and detention of Wilfredo Batista, which caused him to suffer severe emotional and psychological trauma. The relevant facts relating to the charges are as follows: Plaintiff, Wilfredo Batista, after pleading guilty to several crimes, was sentenced to three years probation on July 1, 1998, in the County of Hillsborough, State of Florida. The sentence of probation was transferred from the State of Florida, Tampa East Probation and Parole to the New York City Department of Probation for completion. Plaintiff successfully completed probation under supervision of the New York City Department of Probation, and was discharged on or about July 5, 2001. Upon information and belief, on or about the morning of June 16, 2004, plaintiff, Wilfredo Batista was informed by his mother, that a warrant has been issued for his arrest after police had arrived at her door, looking for plaintiff in an attempt to execute said warrant. On or about July 17, 2004, at approximately 12 p.m., plaintiff turned himself in at the 33rd precinct in the County of New York in an effort to resolve the matter, unaware of the basis for the arrest warrant. At that point in time, plaintiff was placed under arrest for a fugitive warrant dated June 8, 2001, which was signed by a judicial officer in the State of Florida. The basis of the fugitive

       warrant was a violation of the Sentence of Probation, which Plaintiff had successfully completed three years earlier.  Plaintiff was held in jail for a period of nine days during which time he was absent from his family and place of employment, while "paper work" was sorted out by defendants, with the persuasion of plaintiff's counsel.  Plaintiff was not released until a fine, of which he was not previously advised was paid, in the amount of approximately $900.00.  During this period, plaintiff, Anna Sanchez was left to care for the plaintiff's two children by herself, and cover any and all expenses of the plaintiff's household, including but not limited to plaintiff Batista's fine,

2. On or about August 10, 2004, a Notice of Claim was filed, against defendants, giving defendants full and fair notice of the instant action, and although receipt was acknowledged on or about September 22, 2004, by defendant City of New York, and October 22, 2004, by the County of Hillsborough, Florida, a 50-H Hearing and Examination was never convened, regarding plaintiff's allegations.

## THE PARTIES

3. Plaintiff, Wilfredo Batista, who was harassed and falsely arrested by members of the New York City Police Department on or about June 17, 2004.  At all times relevant, plaintiff Wilfredo Batista was a citizen of the United States and a resident of the State of New York, County of Westchester.  Plaintiff, Anna Sanchez, wife of plaintiff, Batista, who suffered emotional distress, due to plaintiff Batista's incarceration and financial hardship.  At all times relevant, plaintiff Anna Sanchez was a citizen of the United States and a resident of the County of Westchester.

4. Defendant City of  New York, ("NYC), is a municipality organized and existing under the laws of the State of New York.  At all times relevant hereto, defendant New York, acting through the New York City Police Department ("NYPD), New York City Department of Corrections ("NYDC") and New York City Department of Probation (NYDP), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD members, including the members of the New York County District Attorney's Office.  Said responsibility included but was not limited to the civilian safety procedures and practice, appointment, training, supervision and conduct of all its personnel including the defendants.  In addition, at all relevant times, defendant NYC was responsible for enforcing the rules of the NYPD, New York, and NYDP, and for ensuring that their personnel obeyed the laws of the State of New York and the United States.

5. Upon information and belief, Defendant's Florida Department of Correction acting through and by Tampa East Probation and Parole, are separate departments organized and existing under the laws of the State of Florida.  At all times relevant hereto, defendant Florida Department of Correction (" FL Corrections") and Tampa East Probation and Parole ("Tampa East") were responsible for the policy, practice, supervision, implementation, and conduct of all FL Corrections and Tampa East employees.  Said responsibility included but was not limited to the civilian safety procedures and practice, appointment, training, supervision and conduct of all its personnel including the defendants.  In addition, at all relevant times, defendant State of Florida Department of Hillsborough was responsible for enforcing the rules of the Sheriff's, and for ensuring that their personnel obeyed the laws of the State of Florida and the United States.

6. At all times relevant hereto, police officers of the 33rd precinct in New York City, were assigned to said precinct, were employees of the NYPD, acting in the capacity of agents, servants, and employees of defendant NYC, and within the scope of their employment as such.

## JURISDICTION AND VENUE

7. This action arises under the First, Fourth, Eighth, Thirteenth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. § 1983 and 1988 and the state common law and constitution.

8. The jurisdiction of this Court is predicated upon 28 U.S.C. § 1331, 1343 (a)(1), (3) and (4), 1367(a), and the doctrine of pendant jurisdiction.

9. The other basis for this Court having jurisdiction over the parties is controlled by the diverse citizenship of the parties pursuant to U.S.C. § 1332 and the amount in controversy exceeds $50,000.00.

10. The acts complained of occurred in the Southern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

11. Plaintiff demands a trial by jury in this action.

## FACTUAL ALLEGATIONS

12. On or about on or about the morning of June 16, 2004, plaintiff, Wilfredo Batista was informed by his mother, that a warrant has been issued for his

       arrest after police had arrived at her door, looking for plaintiff in an attempt to execute said warrant.  On or about July 17, 2004, at approximately 12 p.m., plaintiff turned himself in at the 33rd precinct in the County of New York in an effort to resolve the matter, unaware of the basis for the arrest warrant.  At that point in time, plaintiff was placed under arrest for a fugitive warrant dated June 8, 2001, which was signed by a judicial officer in the State of Florida.  The basis of the fugitive warrant was a violation of the Sentence of Probation, which Plaintiff had successfully completed three years earlier.  Plaintiff was held in jail for a period of nine days during which time he was absent from his family and place of employment, while "paper work" was sorted out by defendants, with the persuasion of plaintiff's counsel.  Plaintiff was not released until a fine, of which he was not previously advised was paid, in the amount of $900.00.  During this period, plaintiff, Anna Sanchez was left to care for the plaintiff's two children by herself, and cover any and all expenses of the plaintiff's household, including but not limited to plaintiff Batista's fine.

13. Although plaintiff attempted to explain while in custody, that he had completed probation and was discharged on or about July 5, 2001, defendants made no attempt to verify plaintiffs story.

14. Plaintiff had not engaged or been engaging in any illegal activity when members of the NYPD attempted to execute a warrant for his arrest.

15. Defendants committed these actions with the intent of causing Mr. Batista physical and emotional despair.

16. By committing these acts, the defendants intentionally caused Plaintiff to suffer humiliation, belittlement and embarrassment.

17. Defendants illegally and unlawfully harassed, intimidated and interrogated Mr. Batista without reason or probable cause to arrest him.  Upon information and believe the warrant that defendants based their arrest on was insufficient.

18. The detainment, interrogation and arrest of Mr. Batista was without legal authority and in violation of Mr. Batista's rights.

19. The filing of a complaint and the assertion of false allegations to the New York County District Attorney's Office constituted false and malicious prosecution by the defendants.

20. The New York County District Attorney's office continued to prosecute this matter and refused to investigate plaintiff's assertion that he was not a fugitive.

21. The New York County District Attorney's Office took issue with the fugitive warrant, although the probation from Florida was originally transferred to the Bronx and not New York County.

22. The acts of defendants were reckless, willful, wanton and malicious, thus entitling plaintiffs to an award of punitive damages.

23. A written notice of claim, sworn to by plaintiffs was served upon the defendants.

24. At least thirty days has elapsed since the service of the Notice of Claim, and adjustment or payment of the claim has been neglected or refused.

25. This action has been commenced within one year and ninety days after the happening of the event upon which the claims are based.

<u>AS AND FOR A FIRST CLAIM FOR RELIEF</u>
42 U.S.C. § 1983

26. Plaintiff repeats and re-alleges paragraphs 1 through 23 as if the same were fully set forth at length herein.

27. By reason of the foregoing, and by the arrest and detainment of Mr. Batista without probable cause, seizure, arrest, detainment, harassment and intimidation, of Mr. Batista, he was caused to suffer emotional injuries. Defendants deprived plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States in violation of 42 U.S.C. § 1983, including but not limited to rights guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution.

28. In addition, defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Eighth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, which will be revealed in the discovery phase of this action.

29. Defendants acted under pretense and color of state law, in their individual and official capacities, and within the scope of their respective employments as NYPD police officers, and officers of the Departments of Probation in New York City, and Tampa East Probation and Parole. Said acts by defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Eighth and Fourteenth Amendments of the United States Constitution.

30. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

31. As a direct and proximate result of the misconduct above, plaintiff Anna Sanchez, by her relationship of marriage, sustained the damages hereinbefore alleged.

### AS AND FOR A SECOND CLAIM FOR RELIEF
False Arrest and False Imprisonment

32. Plaintiff repeats and re-alleges paragraphs 1 through 29 as if they were fully set forth at length herein.

33. Defendants wrongfully and illegally arrested, detained, and imprisoned Mr. Batista.

34. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention and imprisonment of plaintiff was carried out without a valid warrant which was issued maliciously on false facts, without Plaintiffs, consent, and without probable cause or reasonable suspicion and based on false allegations.

35. At all relevant times, defendants acted negligently in the apprehension, arrest, detention and imprisonment of Mr. Batista.

36. Throughout a period of approximately nine days, Mr. Batista was unlawfully, wrongfully, and unjustifiably held in a New York City jail, under arrest and in uncivilized conditions, and deprived of his liberty, and falsely charged.

37. At all times mentioned, the unlawful, wrongful and false arrest and imprisonment of Mr. Batista were without right and without probable cause or reasonable suspicion. All of the foregoing occurred without any fault or provocation on the part of Mr. Batista.

38. Defendants, their officers, agents, servants, and employees were responsible for Mr. Batista's arrest, detention and imprisonment during this period of time. Defendant State of Florida Department of Corrections and New York City, as employers of the individual defendants, are responsible for their wrongdoing under the doctrine of <u>respondent superior.</u>

39. Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Mr.

        Batista's rights, privileges, welfare and well-being and are guilty of egregious and gross misconduct toward Mr. Batista.

40. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged

41. As a direct and proximate result of the misconduct above, plaintiff Anna Sanchez, by her relationship of marriage, sustained the damages hereinbefore alleged.

AS AND FOR A THIRD CLAIM FOR RELIEF
Intentional Infliction of Emotional Distress

42. Plaintiff repeats and re-alleges paragraphs 1 through 39 as if the same were fully set forth herein.

43. Defendants engaged in extreme and outrageous conduct intentionally and recklessly causing sever emotional distress to Mr. Batista. Mr. Batista was held for a period of nine days without proper food and hygienic care.

44. By reason of the foregoing, defendants are liable to plaintiff for the intentional infliction of emotional distress.

45. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress suffered by Mr. Batista. Defendant New York and State of Florida Department of Corrections, as employer of the individual defendants, is responsible for their wrongdoing under the doctrine of <u>respondeat superior</u>.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

47. As a direct and proximate result of the misconduct above, plaintiff Anna Sanchez, by her relationship of marriage, sustained the damages hereinbefore alleged

AS AND FOR A FOURTH CLAIM FOR RELIEF
Negligent Infliction of Emotional Distress

48. Plaintiffs repeat and re-alleges paragraphs 1 through 78 as if they were fully set forth at length herein.

49. By reason of the foregoing, defendants are liable to Mr. Batista for the negligent infliction of emotional distress due to their wrongful and false arrest, detention and imprisonment.

50. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress. Defendant New York and State Of Florida Department of Corrections, as employer of the individual defendants, is responsible for their wrongdoing under the doctrine of <u>respondeat superior.</u>

51. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

AS AND FOR A FIFTH CLAIM FOR RELIEF<br>Negligent hiring/training/retention of Employment Services

52. Plaintiff repeats and re-alleges paragraphs 1 through 51 as if the same were fully set forth at length herein.

53. Defendant New York City and the State of Florida Department of Corrections, owed a duty of care to Mr. Batista to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

54. Upon information and belief all of the defendants were unfit and incompetent for their positions.

55. upon information and belief, defendant New York City and the State of Florida Department of Corrections, knew or should have known through the exercise of reasonable diligence that the individual defendants would act in an irrational manner.

56. Upon information and belief, defendant New York City and the State of Florida Department of Corrections were negligent in screening, hiring, training, disciplining, and retaining these employees proximately cause the plaintiff's damages.

57. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

58. As a direct and proximate result of the misconduct above, plaintiff Anna Sanchez, by her relationship of marriage, sustained the damages hereinbefore alleged.

AS AND FOR A FITH CLAIM FOR RELIEF<br>New York State Constitution, Art. I, §12

59. Plaintiffs repeat and re-alleges paragraphs 1 through 58 as if the same were fully set forth at length herein.

60. By reason of the foregoing, and by arresting, detaining and imprisoning Mr. Batista without probable cause or reasonable suspicion, defendants deprived him of his rights, remedies, privileges, and immunities guaranteed to every New York citizen by Article I, § 12 of the New York Constitution.

61. In addition, defendants conspired among themselves to deprive Mr. Batista of his constitutional rights secured by said article and section and took numerous overt steps in furtherance of such conspiracy, as set forth above.

62. Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as New York City police and/ or probation officers and State of Florida Sheriff or Probation officers, agents, or employees. Said defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with specific intent to deprive Mr. Batista of his constitutional rights secured by Article I, §12 of the New York Constitution.

63. Defendants, their officers, agents, servants and employees were responsible for the deprivation of Mr. Batista's constitutional rights. Defendant New York City and the State of Florida, as employer of the defendants, is responsible for their wrongdoing under the doctrine of <u>respondeat superior.</u>

64. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

65. As a direct and proximate result of the misconduct above, plaintiff Anna Sanchez, by her relationship of marriage, sustained the damages hereinbefore alleged.

**WHEREFORE,** plaintiff respectfully requests judgment against defendants as follows:

    (a) an Order under Count One awarding damages in an amount determined at trial, but in no event less than $500,000.00;

    (b) an Order under Count Two awarding damages in an amount determined at trial, but in no event less than $500,000.00;

    (c) an Order under Count Three awarding damages in an amount determined at trial, but in no event less than $500,000.00;

    (d) an Order under Count Four awarding damages in an amount determined at trial, but in no event less than $500,000.00;

    (e) an Order under Count Five awarding damages in an amount determined at trial, but in no event less than $500,000.00;

    (f) reasonable attorney's fees and costs under 42 U.S.C. §1988; and

directing such other and further relief as the Court may deem just and proper, together with attorney's fees, interest, costs and disbursements of this action.

Dated:    August 21, 2006
           Hempstead, New York

                Yours, etc.,

                JOY S. BUNCH
                LAW OFFICES OF BROGDON & BUNCH, LLP
                250 Fulton Avenue, Suite M200
                Hempstead, NY 11550
          By:  s/Joy S. Bunch
                Joy S. Bunch (JB1974)

VERIFICATION OF COMPLAINT

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU____)

    WILFREDO BATISTA and ANNA SANCHEZ, being duly sworn, depose and says that we are the plaintiffs in the within action; that we have read the foregoing amended complaint and know the contents thereof; the same if true to their knowledge, excepts as to the matters therein stated to be alleged upon information and belief, and as to those matters, we believe them to be true.

                                        s/Wilfredo Batista_____
                                        Wilfredo Batista

                                        s/ Anna Sanchez _____
                                        Anna Sanchez

Sworn to before me this __21st___
Of August, 2006
____Joy S. Bunch_____
NOTARY PUBLIC