UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO BATISTA AND ANNA SANCHEZ
    Plaintiffs,

VS.                                      CASE NO. 1:05-CV-08444-KMK
                                                Motion to Dismiss Amended Complaint

THE CITY OF NEW YORK; STATE OF FLORIDA,
DEPARTMENT OF CORRECTIONS; STATE OF
FLORIDA, TAMPA EAST DIVISION AND PAROLE,
    Defendants.
_____/

       COME NOW, Defendants State of Florida, Department of Corrections and State of Florida, Tampa East Division and Parole, by and through undersigned counsel, and hereby files this Motion to Dismiss Plaintiff's Amended Complaint with prejudice, and in support thereof, submits the following Memorandum of Law.

## PARTIES

1. Plaintiff, Wilfredo Batista, is a citizen of the United States and a resident of the State of New York, County of Westchester.

2. Plaintiff, Anna Sanchez, is the wife of Wilfredo Batista, and is a citizen of the United States and a resident of the State of New York, County of Westchester.

3. Defendant, City of New York is a municipality organized and existing under the laws of the State of New York.

4. Defendant, State of Florida, Department of Corrections, is a State Agency organized under Florida Statutes §§ 20.04 and 20.315. The headquarters of the agency is located at 2601 Blair Stone Road, Tallahassee, Florida.

5.  Defendant, State of Florida, Tampa East Division and Parole, is a field office of the Department of Corrections. As such a suit versus Tampa East Division and Parole is a suit versus the Department of Corrections and Tampa East Division and Parole is entitled to all rights, immunities and privileges granted to the Department of Corrections.

## STATEMENT OF FACTS

On July 1, 1998, Plaintiff, Wilfredo Batista was sentenced to three years of probation after pleading guilty to several crimes in Hillsborough County, Florida. The probation sentence was transferred from Florida to the New York City Department of Probation. (Amended Complaint par. 1). Mr. Batista alleges that he successfully completed his probation and was discharged from probation in New York on or about July 5, 2001. *Id.* On June 16, 2004, Mr. Batista states that he was informed by his mother that a warrant had been issued for his arrest. *Id.* Mr Batista turned himself in to the 33rd precinct in the County of New York where he was subsequently arrested and spent a total of nine days in jail until he arranged payment of approximately $900.00 to the State of Florida which he owed as part of his probation *Id.*

Anna Sanchez's sole claim under this action is one of loss of consortium, that she cared for the couples two children while Plaintiff Batista was in jail and also paid Plaintiff's approximately $900.00 fine due and owing as a part of Plaintiff Batista's probation. *Id.*

On or about August 10, 2004 a Notice of Claim was filed by the Plaintiffs. (Amended Complaint par. 2). The Notice of Claim was sent to County of Hillsborough, Hillsborough County Sheriff's Department, Hillsborough County Department of Corrections, Hillsborough County Department of Probation, (the Defendants listed in Plaintiffs first complaint filed on September 30, 2005). Defendant City of New York acknowledged receipt of the Notice of Claim on September 22, 2004 and County of Hillsborough acknowledged receipt on October 22, 2004. No 50-H Hearing and

Examination was ever convened regarding Plaintiffs allegations. *Id.* Plaintiff does not state whether the other Defendants listed in the initial complaint acknowledged receipt of Notice of Claim. Defendants, State of Florida Department of Corrections and State of Florida, Tampa East Division and Parole were not listed as parties in the initial complaint. Plaintiffs do not state whether they sent any notice to Defendants, State of Florida Department of Corrections and State of Florida, Tampa East Division and Parole.

## CLAIMS

Plaintiffs are bringing their action under the First, Fourth, Eighth, Thirteenth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. §§ 1983 and 1988.

Plaintiffs also asserts claims for False Arrest and Imprisonment, Intentional Infliction of Emotional Distress, Negligent Inflection of Emotional Distress, and Negligent Hiring, Training/Retention of Employment Services, and violation of New York State Constitution, Art. 1 Section 12.

Plaintiffs collectively seek $500,000.00 in damages for each count as well as attorney fees under 42 U.S.C. §1988.

## STANDARD FOR MOTION TO DISMISS

A motion to dismiss must be denied "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Morales v. New York State Dep't of Corrections, 842 F.2d 27, 30 (2d Cir. 1988). In deciding a motion to dismiss, the Court must accept the plaintiff's allegations of fact as true. Papasan v. Allain, 478 U.S. 265, 283, 92 L. Ed. 2d 209, 106 S. Ct. 2932 (1986). Federal Rule of Civil Procedure 8(a) requires only a short and plain statement of the claim that will give the defendant fair notice of what plaintiff's claim is and the ground upon which it rests.

However, even under notice pleading of the Federal Rules of Civil Procedure, a complaint must include allegations respecting all material elements of all claims asserted; bare legal conclusions attached to narrative facts will not suffice. McCrum v. Elkhart County Dept. of Public Welfare, 806 F.Supp. 203, 207 (N.D. Ind. 1992); SEIU v. St. Luke Residential Health Care Facility, 2005 U.S. Dist. LEXIS 27615 (S.D.N.Y. 2005).

In practice a complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984) (emphasis added). A motion to dismiss for failure to state a claim upon which relief can be granted is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, thus sparing litigants burdens of unnecessary pretrial and trial activity. Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc., 988 F.2d 1157 (8th Cir. 1993).

## ELEVENTH AMENDMENT IMMUNITY
### (as to all claims)

An unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. Penhurst. v. Halderman et. al., 465 U.S. 89; 104 S. Ct. 900; 79 L. Ed. 67 (1984). Following Penhurst and other Supreme Court decisions, the Second Circuit has held that it is well settled that the "ultimate guarantee" of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in Federal Court. Clissuras v. City of University of New York et. al., 359 F.3d 79 (2d Cir. 2004) (emphasis added). The Eleventh Amendment extends immunity not only to a state, but also to entities considered arms of the State. McGinty v. New York, 251 F.3d 84, 95 (2d Cir. 2001).

The Department of Corrections is one of the principal administrative units of the Executive

Branch and as such is an agency of the State of Florida. (Florida Statutes §20.04 and §20.315). Plaintiff's own lawsuit acknowledges this fact by identifying it as State of Florida, Department of Corrections. As previously stated a suit versus Tampa East Division and Parole is a suit versus the Department of Corrections and Tampa East Division and Parole is entitled to all rights, immunities and privileges granted to the Department of Corrections.

In the instant case, Plaintiff has not alleged and cannot demonstrate any waiver by Congress or the State of Florida of it's Eleventh Amendment immunity. Accordingly, the claims brought against the Defendants, State of Florida, Department of Corrections and State of Florida, Tampa East Division and Parole must be dismissed with prejudice.

### FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED
(Second Claim for Relief, False Arrest and Imprisonment)

The elements for false arrest and false imprisonment are identical in New York. Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (noting false arrest and false imprisonment have the same elements); Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991) ("In New York, the tort of false arrest is synonymous with that of false imprisonment.").

Under New York law, plaintiffs in a false arrest action must show: (1) an intent by the defendant to confine the plaintiff; (2) the plaintiff's consciousness of his confinement; (3) the confinement was without the consent of the plaintiff; and (4) the confinement was not otherwise privileged. Bernard v. United States, 25 F.3d 98 (2d Cir. 1994). There can be no federal civil rights claim for false arrest where the arresting officer had probable cause. Singer v. Fulton County Sheriff, 63 F.3d 110 (2d Cir. 1995).

Police officers have probable cause to arrest a person when they "have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person

of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Posr v. Court Officer Shield, 180 F.3d 409 (2d Cir. 1999).  Probable cause may exist even when it is based on inaccurate information, "so long as the arresting officer acted reasonably and in good faith in relying on that information." Bernard, 25 F.3d at 102.

In this instance, Plaintiff was arrested on a violation of probation warrant from Florida which was based upon the fact that the Plaintiff had not complied with the terms of his probation.  As such there was probable cause to seek a warrant and effect Plaintiff's arrest.  Even assuming, as Plaintiff argues, that the information relied upon for the arrest warrant was inaccurate or incomplete, probable cause still existed under Bernard above.

Plaintiffs also asserts that the warrant was issued "maliciously" and the "Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of Mr. Batista's rights, privileges, welfare and well-being and are guilty of egregious and gross misconduct." without specifying which Defendant acted in such a manner or providing factual or legal support for the allegations.  Because the Plaintiff did not set forth the essential elements of the claim dismissal is proper for the Court the Second Claim for False Arrest and False Imprisonment claim.

(Third Claim for Relief, Intentional Infliction of Emotional Distress)

The elements for the tort of intentional infliction of emotional distress action are: "(1) extreme and outrageous conduct; (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress. Howell v. New York Post Co., 81 N.Y.2d 115, 121, 612 N.E.2d 699, 596 N.Y.S.2d 350 (1993).  The conduct complained of must be so outrageous in character, and so

extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Fischer, v. Maloney, 43 N.Y.2d 553, 557, 402 N.Y.S.2d 991, 373 N.E.2d 1215 (1978).

The facts of the case are that Plaintiff Batista spent a total of nine days in jail and was released after paying a fee of approximately $900.00, which was part of his probation from his criminal case in Florida. Plaintiff Batista alleges that he was held for a period of nine days without proper food and hygienic care and was subject to extreme and outrageous conduct intentionally and recklessly causing severe emotional distress. These statements, even if true, are not so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Additionally, probable cause to arrest an individual defeats a claim of intentional infliction of emotional distress. Brown v. City of New York, 306 F. Supp. 2d 473 (S.D.N.Y. 2004). In this instance there was probable cause to arrest Plaintiff Batista as evidenced by the application for, and execution of the arrest warrant. Dismissal of the third claim for relief is proper.

(Fifth Claim for Relief, Negligent Hiring/Training/Retention of Employment Services)

A claim for negligent hiring or supervision can only proceed against an employer for an employee acting outside the scope of his or her employment. Rowley v. City of New York, 2005 U.S. Dist. LEXIS 22241 (S.D.N.Y. 2005). Plaintiffs utterly fail to state which employee of the State of Florida was responsible for Plaintiffs' alleged damages and whether the unnamed employee was acting outside the scope of her or her employment. As such Plaintiff has failed to state that any employee was acting outside the scope of her or her employment. Dismissal of the fifth claim for relief is proper

7

(Sixth Claim for Relief[1], New York State Constitution, Art 1, §12)

Plaintiff alleges that a result of his arrest, the Defendants violated his rights as found under Art. I, §12 of the New York State Constitution. It has been held the existence of alternative damage remedies under § 1983 obviates the need to imply a private right of action under the state search and seizure clause. Flores v. The City of Mount Vernon, 41 F.Supp. 2d 439 (S.D.N.Y. 1999). Brown v. City of New York, 306 F. Supp. 2d 473 (S.D. N.Y 2004) (no private right of action exists under the New York Constitution for claims that are remediable under other state laws or federal law pursuant to 42 U.S.C. §1983). In this matter Plaintiff has alleged violations of §1983 as well as violations of the New York State Constitution. Dismissal of the Plaintiffs Sixth Claim of Relief, violation of New York State Constitution Art. I §12 is proper.

Additionally Plaintiffs alleges that the Defendants conspired among themselves to deprive Plaintiff Batista of his rights secured under the New York Constitution. . To constitute an actionable conspiracy under New York law, Plaintiff must establish not only the corrupt agreement between two or more persons, but their intentional participation in the furtherance of the plan or purpose, and resulting damage. Kashi v. Gratsos, 790 F.2d 1050, (2d Cir. 1986).

As stated in Kashi, a conspiracy must be between two or more persons. (Emphasis added). States and Cities cannot conspire among themselves. Plaintiff has failed to identify a single individual in the alleged conspiracy much less properly plead any allegation of a civil conspiracy. Dismissal of the Sixth Claim for Relief, violation of New York State Constitution, Art. I §12 is proper.

---

[1] The Amended Complaint lists this as the Fifth Claim for Relief when in actuality it Plaintiffs Sixth Claim for Relief.

## PLAINTIFFS FAILED TO COMPLY WITH A CONDITION PRECEDENT

Florida Statute Section 768.28(6)(a) states, "An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency and also ... presents such claim in writing to the Department of Financial Services or the appropriate agency denies the claim in writing . . . (Fla. Stat. §768.28(6)(a) (2006)). The requirements of notice to the agency and denial of the claim pursuant to paragraph (a) are conditions precedent to maintaining an action. (Fla. Stat. 768.28(6)(b) (2006)). Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979); Levine v. Dade County School Board, 442 So.2d 210 (Fla. 1983). *See also*, Menendez v. North Broward Hospital District, 537 So.2d 89 (Fla. 1988). "Section 768.28(6), Florida Statutes, is part of a statutory waiver of sovereign immunity, and therefore, strict compliance is required." Broward County School Board v. Joseph, 756 So.2d 1077, 1078 (Fla. 4th DCA 2000). The notice requirements must be fulfilled and properly alleged in the complaint in order to state a cause of action. Commercial Carrier Corp. at 1022-23 (Fla. 1979). Plaintiffs have failed to provide any claim in writing to the Department of Financial Services or Department of Corrections as required under Florida Statutes.

Accordingly, this Court is without jurisdiction to entertain Plaintiff's tort claims and the matter should dismissed.

WHEREFORE the Defendants State of Florida, Department of Corrections and State of Florida, Tampa East Division and Parole respectfully ask that the Court dismiss Plaintiffs' Complaint with prejudice and grant the Defendants, State of Florida, Department of Corrections and State of Florida, Tampa East Division and Parole, costs and fees of this action and such other and further relief as the Court deems just and proper.

> Respectfully submitted,
> CHARLES J. CRIST, JR.
> Attorney General
>
> /s/ Gerald D. Siebens
> Gerald D. Siebens
> Assistant Attorney General
> Florida Bar# 0076066
> OFFICE OF THE ATTORNEY GENERAL
> 501 East Kennedy Boulevard, Suite 1100
> Tampa, FL  33602
> T - 813 / 233-2880     F - 813 / 233-2886
> Gerald_Siebens@oag.state.fl.us

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I mailed the foregoing document to the following participants: Joy Bunch, Esquire, Law Office of Brogan & Bunch, LLP 250 Fulton Avenue, Suite M200, Homestead, New York, 11550 and Hillary A. Frommer, Assistant Corporation Counsel of the City of New York, 100 Church Street, Room 3-212, New York, New York, 10007 via U.S., on this the 13th day of December, 2006.

> /s/ Gerald D. Siebens
> Gerald D. Siebens
> Assistant Attorney General