UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

WILFREDO BATISTA and ANNA SANCHEZ,

                                                Plaintiffs,

-against-

THE CITY OF NEW YORK, STATE OF FLORIDA:
DEPARTMENT OF CORRECTIONS; STATE OF
FLORIDA: TAMPA EAST DIVISION AND PAROLE,

                                                Defendants.

**DEFENDANT CITY'S STATEMENT OF UNCONTESTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

05 Civ. 8444 (KMK)

------------------------------------------------------------------- x

Pursuant to Local Rule 56.1 of this Court, defendant City of New York respectfully submits this statement of material facts as to which it contends there is no genuine issue to be tried.

1. On February 12, 1998 plaintiff Wilfredo Batista was arrested in Hillsboro County Florida and charged with the crimes of Robbery in the Second Degree and Criminal Mischief in the First Degree. (See State of Florida Department of Corrections Postsentence Investigation Probation Report, attached as Exhibit "A" to the Declaration of Hillary A. Frommer, hereinafter the "Frommer Declaration).

2. Mr. Batista pled guilty to both crimes and was sentenced to a term of probation by the Circuit Court of Hillsboro County, Florida. (See Exhibit A; Order of Probation in the matter of State of Florida vs. Wilfredo Batista, Case No. 9802442, attached as Exhibit "B" to the Frommer Declaration).

3. Mr. Batista was sentenced to a total of 48 months of probation for both crimes. (See Exhibit A; Exhibit B).

4. Mr. Batista was ordered to pay $40.00 each month to the State of Florida for the cost of his probation supervision. (See Exhibit B).

5. As part of his sentence on his guilty plea, Mr. Batista was also ordered to comply with special conditions which involved monetary payments of $256.00 in court costs to the State of Florida, $150.00 to Florida for the cost of prosecution; $200.00 in restitution within the first 20 months of his probation, $150.00 to the crimes compensation fund in Florida, and a $50.00 PD application fee to Florida. (See Exhibit A; Exhibit B).

6. Additionally, Mr. Batista was sentenced to perform 50 hours of community service at the rate of five hours per month. (See Exhibit A).

7. In July 1998, Mr. Batista requested that the supervision of his probation be transferred from Florida to New York. (See Exhibit A; Florida Department of Corrections/Parole C Mission Application for Compact Services And Agreement to Return dated July 1, 1998, attached as Exhibit "C" to the Frommer Declaration).

8. As a condition of that transfer, Mr. Batista expressly agreed to comply with the conditions of his probation sentence as fixed by both the State of Florida and the State of New York. (Exhibit C).

9. Mr. Batista expressly agreed that if he did not comply with all of the conditions of his probation it would be deemed a violation of the terms and conditions of probation for which he could be deemed a fugitive and returned to the State of Florida. (See Exhibit C).

10. Mr. Batista's request to transfer his probation supervision from Florida to New York was granted. (See Correspondence from The New York City Department of Probation to the Florida Adult Interstate Department of Corrections dated October 14, 1998, attached as

-3-

Exhibit "D" to the Frommer Declaration; Investigation Report, Compact Office of Jurisdiction, Department of Corrections, attached as Exhibit "E" to the Frommer Declaration).

11. Mr. Batista's probation reporting requirements were then to be supervised by the New York City Department of Probation. (See Exhibit D).

12. After Mr. Batista's probation supervision was transferred to New York, the Mr. Batista was no longer required to pay the cost of probation supervision in Florida. (See Exhibit E).

13. Mr. Batista was still required to make all other monetary payments to the State of Florida required as a condition of his sentence, including the court and prosecution costs, restitution costs, and crime compensation costs. (See Exhibit E).

14. Mr. Batista's sentence to report to probation expired on June 30, 2001. (See Exhibit E).

15. In March 2001, the State of Florida Department of Corrections determined that Mr. Batista had failed pay any of the monetary requirements ordered in 1998 as a special condition of his probation sentence. (See Transmittal from the Florida Department of Corrections to the New York Probation Re: Wilfredo Batista, dated March 19, 2001, attached as Exhibit "F" to the Frommer Declaration).

16. On June 7, 2001 a warrant was issued in Hillsboro County, Florida for Mr. Batista's arrest. (See State of Florida Department of Corrections Warrant for docket No. 98-02442, dated June 7, 2001, attached as Exhibit "G" to the Frommer Declaration; State of Florida Violation of Probation Warrant Order to Take Into Custody in the matter of State of Florida vs. Wilfredo Batista, attached as Exhibit "H" to the Frommer Declaration).

17. The Florida Department of Corrections issued a warrant for Mr. Batista's arrest because Mr. Batista violated conditions of his probation. (See Exhibit G).

18. Specifically, according to records maintained by the State of Florida, Mr. Batista owed the State of Florida $40.00 for the cost of his probation supervision that he was required to pay before supervision of probation was transferred to the State of New York. (See Exhibit G).

19. According to the Florida Department of Corrections, Mr. Batista violated his probation because he had not paid the total of $656.00 in court costs to the State of Florida as required as a special condition of his sentence. (See Exhibit G).

20. The arrest warrant was also issued because Mr. Batista did not pay $200.00 in restitution as required as a condition of his sentence. (See Exhibit G).

21. In June 2004, the Hillsboro County, Florida Sheriff's Office sent the warrant for Mr. Batista's arrest to the New York County District Attorney's Office and requested that Mr. Batista be arrested pursuant to that warrant. (See Facsimile from Hillsboro County Sheriff's Office to New York County District Attorney's Office, dated June 22, 2001 attached as Exhibit "I" to the Frommer Declaration).

22. The Hillsboro County, Florida Sheriff's Office indicated that it will extradite Mr. Batista. (See Exhibit I).

23. Mr. Batista was arrested in New York City by a member of the New York City Police Department solely because of the arrest warrant issued on June 8, 2001 charging Mr. Batista with probation violations. (See Criminal Court of the City of New York Fugitive Affidavit signed by Detective Michael Cosme, attached as Exhibit "J" to the Frommer Declaration).

24. On June 25, 2004, the State of Florida decided not to prosecute Mr. Batista and an order dismissing the warrant was issued in the Circuit Court of Hillsboro County Florida. (See Order Dismissing Warrant in the matter of State of Florida vs. Wilfredo Batista, In the Circuit Court of Hillsboro County, Florida, Docket No. 98-02442, attached as Exhibit "K" to the Frommer Declaration).

25. On June 25, 2004, the Hillsboro County Florida Sheriff's Office informed the New York County District Attorney's Office that the arrest warrant was dismissed and the State of Florida no longer sought extradition of Mr. Batista. (See Correspondence dated June 25, 2004 from the Hillsboro County Sheriff's Office to the District Attorney County of New York re: Wilfredo Batista, attached as Exhibit "L" to the Frommer Declaration.

26. That same day, the charges were dismissed against Mr. Batista and he was released from custody. (See Criminal Court of the City of New York, County of New York Certificate of Disposition in the matter of The People of the State of New York v. Wilfredo Batista, Docket No. 2004NY046591, attached as Exhibit "M" to the Frommer Declaration).

Dated:   New York, New York
         December 11, 2006

                     MICHAEL A. CARDOZO
                     Corporation Counsel of the City of New York
                     Attorney for Defendant City
                     100 Church Street
                     Room 3-212
                     New York, New York 10007
                     (212) 788-0823

              By:  _____
                     Hillary A. Frommer (HF 9286)
                     Assistant Corporation Counsel