Index No. 05 Civ. 8444(KMK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO BATISTA and ANNA SANCHEZ,

Plaintiffs,

-against-

THE CITY OF NEW YORK, STATE OF FLORIDA:
DEPARTMENT OF CORRECTIONS; STATE OF
FLORIDA: TAMPA EAST DIVISION OF PROBATION
AND PAROLE,

Defendants.

PLAINTIFF WILFREDO BATISTA AND ANNA SANCHEZ'S
MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CITY OF NEW
YORK AND DEFENDANT STATE OF FLORIDA'S MOTION FOR SUMMARY
JUDGMENT

LAW OFFICES OF BROGDON & BUNCH, LLP
250 Fulton Avenue, Suite M200
Hempstead, New York 11550
(516) 292-3800
By: Joy S. Bunch

# TABLE OF CONTENTS

TABLE OF AUTHORITIES

PRELIMINARY STATEMENT................................................................. 1

STATEMENT OF FACTS.....................................................................2

ARGUMENT...................................................................................5

POINT I.......................................................................................5

DEFENDANT STATE OF FLORIDA WAIVED THEIR RIGHT TO
ELEVENTH AMENDMENT IMMUNITY...................................................5

    A.    Plaintiffs complied with a Condition Precedent...........................5
    B.    Plaintiffs can cure any defect found.......................................6

POINT II.....................................................................................7

PLAINTIFFS CAN DEFEAT DEFENDANT CITY OF NEW YORK AND
DEFENDANT STATE OF FLORIDA'S MOTION FOR SUMMARY JUDGMENT...7

POINT III

PLAINTIFF HAS ESTABLISHED MUNICIPAL LIABILITY UNDER 42
U.S.C. §1983..............................................................................8

POINT IV

PLAINTIFF ANNA SANCHEX HAS STATED A FEDERAL CLAIM
AGAINST THE CITY OF NEW YORK
..............................................................................................9

POINT V

PLAINTIFFS' CLAIMS DO NOT FAIL AS A MATTER OF LAW............10

CONCLUSION..............................................................................12

# TABLE OF AUTHORITIES

Authority                                                                    Page

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)....................7

Bender v. City of New York, 78 F.3d 787, 790 (2d Cir. 1996)..................11

Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994).........................10

Brown v. State of Florida, Dept. of Corr., 701 So.2d 1211 (1997)................6

City of Oklahoma v. Tuttle, 471 U.S. 808, 824, 105 S.Ct 2427 (1985).............8

Farabee v. Rider, 995 F. Supp. 1398 (1998)...................................7

Hutchins v. Mills, 363 So.2d 818 (1978)......................................6

Kreutzberg v. County of Suffolk, 2006 WL 3370351 (E.D.N.Y. 2006).............10

Lauer v. City of New York, 95 N.Y.2d 95, 711 N.Y.S.2d 112 (2000)................8

Levine v. Dade County School Bd, 419 So.2d 808 (1982)............................6

Miller v. Wolpoff & Abramson, LLP, 321 F.3d 292,300 (2d Cir. 2003)...............7

Monell v. Department of Social Service, 436 U.S. 658, 98 S.Ct. 2018 (1978)..........8

Murphy v. Am. Home Prods., 58 N.Y.2d 293 (1983)...................................11

Nat'l Union Fire Ins. Co. v. DeLoach, 708 F. Supp. 1371, 1379 (S.D.N.Y. 1989).......7

Ostrowski v. State of New York , 186 Misc.2d 890, 720 N.Y.S.2d 900 (2001)............8

Penhurst v. Halderman, 465 U.S. 89; 104 S.Ct.900(1984)...................................5

Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir.)...........................................10

Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991)..........................................10

Rabinowitz v. Town of Bay Harbor Islands, 178 So.2d 9, 12-13 (Fla.1965)..............6

Schwandt v. State of New York, 186 Misc.2d 890, (Ct. Cl. 2004)...........................8

Sepulveda v. City of New York (non-official cite 01 Civ. 3054 (Dist. Ct. 2003).........7

Shabazz v. Vacco, 1998 WL 901737 (S.D.N.Y 1998)......................................10

Smart v. Monge, 667 So.2d 957 (1996)..................................................5

Welch v. Texas Dept. of Highways, 483 U.S. 468; 107 S. Ct 2941 (1987)................5

Whitney v. Marion County Hospital, 416 So.2d 500 (1982)..............................5

Wildmer v. Caldwell, 714 So.2d 1128 (1998)..........................................7

Vann v. City of New York, 72 F.3d 1040, 1048 (2d Cir.1995)..........................8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILFREDO BATISTA and ANNA SANCHEZ,

Plaintiffs,

-against-

THE CITY OF NEW YORK, STATE OF FLORIDA:
DEPARTMENT OF CORRECTIONS; STATE OF
FLORIDA: TAMPA EAST DIVISION OF PROBATION
AND PAROLE,

Defendants.

---

**PLAINTIFFS' MEMORANDUM
OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

05 Civ. 8444 (KMK)

---

      Plaintiffs Wilfredo Batista and Anna Sanchez, by their attorneys, The Law Offices of Brogdon & Bunch, LLP hereby submits this Memorandum of Law in Opposition to Defendant City of New York and Defendant State of Florida's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure opposing the dismissal of this matter in its entirety.

<u>**Preliminary Statement**</u>

      Plaintiffs Wilfredo Batista (hereinafter referred to as "Batista") and Anna Sanchez (hereinafter referred to as "Sanchez"), his wife commenced this action on September 30, 2005, pursuant to 42 U.S.C. §1983, alleging jurisdiction and venue in this Court as stated in the initial Complaint.  In or about August, 2006, an amended complaint was filed and served to reflect the true names of the parties herein.  In effect, the defendant previously listed as Hillsborough County Department of Correction, Probation and Parole (Region 2), is now known as the Florida Department of Corrections, Tampa East Division of

1

Probation and Parole. In sum, Plaintiff Batista alleged that defendant City violated his federal and state constitutional and common law rights and are liable for false arrest based on a facially invalid warrant. Furthermore, Defendant City failed to report to Defendant State of Florida that Plaintiff Batista had successfully completed the terms of his conditions of probation. In reference to Defendant State of Florida, Plaintiff Batista alleged that Defendant State of Florida maliciously issued a facially deficient warrant, causing said false arrest, and the false imprisonment of Plaintiff Batista. Plaintiff Sanchez alleged that her injuries of loss of consortium and companionship were caused by the imprisonment of Plaintiff Batista.

Defendant City of New York has noticed a motion for summary judgment on the grounds that (1) plaintiffs failed to establish municipal liability against defendant City of New York; (2) plaintiff Anna Sanchez cannot sustain a claim against the City based on purported right of companionship; and (3) plaintiff's state law claims against the City fail as a matter of law.

Defendant State of Florida served a Motion to Dismiss based on (1) Eleventh Amendment Immunity; (2) Failure to State a Claim upon which Relief may be granted; and (3) Failure to Comply with a Condition Precedent.

Plaintiffs respond to these motions collectively.


## Statement of Facts

Plaintiff Wilfredo Batista was arrested on February 12, 1998 in the County of Hillsborough, State of Florida. He was charged with violating § FL806.13, Criminal Mischief in the First Degree and §FL 812.13, Robbery in the Second Degree. (Pla. 56.1

Stmt. ¶1). On June 12, 1998, Batista pled guilty to violating both of the aforementioned sections of the Florida Statute and was sentenced on July 1, 1998. (Pla. 56.1 Stmt. ¶ 2). According to the III Response from the State of Florida, in exchange for his guilty plea to violating §806.13, Batista was sentenced to a term of one year of probation. In exchange for his guilty plea to violating §812.13, Batista was sentenced to a term of three years of probation, with restitution in the amount of two hundred ($200.00) Dollars, as well as Court costs in the amount of Four hundred and five ($405.00) Dollars, as well as community service. (Pla. 56.1 Stmt. ¶3). However Batista maintains that he was not aware of the monetary obligations ordered by the Circuit Court in Florida. (Bat. Stmt. ¶6). Two Orders of Probation have been produced by defendants, both contradictory to one another, and neither substantiating the Mr. Batista was aware of the monetary obligation. Mr. Batista's probation was transferred to the City of New York upon his request. Once under the supervision of the City of New York, Batista successfully completed three hundred and seven hours of community service, although he was only ordered to complete fifty. He was successfully discharged from probation on July 5, 2001.

On June 17, 2004, Batista turned himself in to the 33rd Precinct of the New York City Police Department, after learning a day prior to, that a warrant had been issued for his arrest. Batista later learned that a warrant was issued three years prior to, on June 7, 2001, by the State of Florida for failure to comply with the conditions of probation. Defendant State of Florida and Defendant City of New York, maintain that the warrant was issued due to Batista's failure to comply with monetary obligations. However, both defendants fail to mention that the warrant was based on Batista being an alleged

"absconder" and "fugitive" because his whereabouts were unknown to defendant City and defendant Florida, and he failed to complete his community service. (Pla. 56.1 Stmt. ¶11).  However, at the very same time that defendant Florida's warrant was issued, and defendant Florida allegedly requested a progress report from defendant City, plaintiff Batista was still under defendant City's supervision.

Three years after the issuance of the warrant, plaintiff Batista was arrested, and held in jail by the City of New York for nine days, until the matter was sorted out, and he was forced to pay a fine in the amount of Nine hundred and five ($905.00), for which he had any knowledge was owed.

**Argument**

POINT I

DEFENDANT STATE OF FLORIDA WAIVED THEIR RIGHT TO ELEVENTH
AMENDMENT IMMUNITY

Although an unconsenting State is immune from suits brought in federal courts by
her own citizens as well as by citizens of another state, Courts can find waiver by a State.
Penhurst v. Halderman, 465 U.S. 89; 104 S.Ct.900(1984. Waiver is found "only where
stated by the most express language or by such overwhelming implications from the text,
as will leave no room for any other reasonable construction..." Welch v. Texas Dept. of
Highways, 483 U.S. 468; 107 S. Ct 2941 (1987). In the case at bar Defendant, State of
Florida waived their Eleventh Amendment Immunity. A case can be made, that the
implications of the two letters from the Attorney General's Office, State of Florida,
coupled with the fact that a Notice of Claim was served on the Division of Probation and
Parole in Tampa, proves that defendant Florida was given adequate notice.

A.     Plaintiffs complied with a Condition Precedent

Under Section 768.28(6)(a) of the Florida Statutes, immunity is waived if "the
claimant presents the claim in writing to the appropriate agency, and also, except as to
any claim against a municipality or the Florida Space Authority, presents such claim in
writing to the Department of Financial Services, within 3 years after such claim accrues
and the Department of Financial Services or the appropriate agency denies the claim in
writing..." Florida Statutes §768.28(6)(a). In the case at hand, notice was served on the
Division of Probation and Parole. In recent cases, Courts have held that sufficient notice
to the agency involved will satisfy the notice requirement. The notice requirement is

satisfied as long as it is submitted to the particular agency with allegations of the fact so that it can be investigated. See Whitney v. Marion County Hospital, 416 So.2d 500 (1982). The appropriate agency must also be notified of the demand for compensation of the injury. See also Smart v. Monge, 667 So.2d 957 (1996).

The fact that the Attorney General's Office responded by a letter requesting the name change and provided informal discovery, should serve as proof that the defendant Florida was not harmed or prejudiced as they had ample opportunity to investigate this claim.   The Florida Courts themselves have ruled on when waiver or estoppel of the notice requirement is apparent. " where officials acquire actual knowledge of the occurrence or incident underlying the claim and they pursue an investigation of the matter which reveals substantially the same information which the required notice would have provided, and thereafter follow a course of action which reasonably leads the claimant to conclude that formal notice is unnecessary, then the filing of the notice is waived." Rabinowitz v. Town of Bay Harbor Islands, 178 So.2d 9, 12-13 (Fla.1965), See also Levine v. Dade County School Bd, 419 So.2d 808 (1982), where the Court held notice of claim was complied with when the real parties in interest were served.  If the complaint is dismissed, leave to amend is required. Brown v. State of Florida, Dept. of Corr., 701 So.2d 1211 (1997). See also Hutchins v Mills, 363 So.2d 818 (1978).


B.     Plaintiffs can cure any defect found

It should be noted that the time has not elapsed for Plaintiffs to serve the Tampa East Division of Probation and Parole, under the name of the State of Florida, and the Department of Financial Services.  In the case that this complaint is dismissed, it should

be without prejudice and with leave to amend <u>Brown v. State of Florida</u>, 701 So2d 1211.

Any noncompliance with the statute in this matter can be cured prior to trial. <u>Farabee v.</u>

<u>Rider</u>, 995 F. Supp. 1398 (1998) *See also*, <u>Wildmer v. Caldwell</u>, 714 So.2d 1128 (1998).

## POINT II

### PLAINTIFFS CAN DEFEAT DEFENDANT CITY OF NEW YORK AND DEFENDANT STATE OF FLORIDA'S MOTION FOR SUMMARY JUDGMENT

Summary judgment is not warranted in this matter.  The plaintiff herein, through a

set of contested facts, affidavits and exhibits, has set forth "concrete particulars", in

contradiction to defendant City and Defendant Florida's statement of uncontested facts,

so as to create genuine issues of said facts.  See <u>Nat'l Union Fire Ins. Co. v. DeLoach</u>,

708 F. Supp. 1371, 1379 (S.D.N.Y. 1989).  *See also* <u>Anderson v. Liberty Lobby, Inc.</u>,

477 U.S. 242, 250 (1986).  As there is a genuine issue of material fact, defendants are not

entitled to summary judgment. <u>Miller v. Wolpoff & Abramson, LLP</u>, 321 F.3d 292,300

(2d Cir. 2003). <u>Sepulveda v. City of New York (non-official cite 01 Civ. 3054 (Dist. Ct.</u>

<u>2003)</u>.

Plaintiff has show contradictory evidence such as the conflicting Orders of

Probation.  Furthermore, the defendants' pleadings conflict in reference to whom exactly

had knowledge of Plaintiffs alleged monetary obligation.

POINT III

PLAINTIFF HAS ESTABLISHED MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

Plaintiffs can establish municipal liability, as plaintiff Batista's constitutional rights were violated when defendant City of New York and defendant State of Florida, through their departments of probation failed to adequately train their probation officers. The actions of the probation officer, in not appropriately exchanging vital information, such as the existence of a monetary obligation of plaintiff Batista, or the completion of community service has led to plaintiff Batista's independent constitutional violations. See Monell v. Department of Social Service, 436 U.S. 658, 98 S.Ct. 2018 (1978). Although the Court in this case held that a municipality cannot be held liable solely under a theory of respondeat superior, *Id.,* it can be held liable when "deprivation of constitutional rights is a result of action pursuant to official municipal policy." City of Oklahoma v. Tuttle, 471 U.S. 808, 824, 105 S.Ct 2427 (1985). In this case, it is evident that defendants City and Florida exhibited "deliberate indifference" to the constitutional violation as they showed no due diligence in locating appropriate information concerning plaintiff Batista. See . Vann v. City of New York, 72 F.3d 1040, 1048 (2d Cir.1995).

Furthermore liability can be waived, when the actions of an official of a municipality is found to be "ministerial" in nature. See Schwandt v. State of New York, 186 Misc.2d 890, (Ct. Cl. 2004). See also, Ostrowski v. State of New York , 186 Misc.2d 890, 720 N.Y.S.2d 900 (2001). In Lauer v. City of New York, 95 N.Y.2d 95, 711 N.Y.S.2d 112 (2000), the Court of Appeals elicited a three prong test to determine whether there was a "duty to a claimant derived from a special relationship", which were

"(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" *Id at 103*. In the instant action, defendant City accepted an affirmative duty to supervise plaintiff Batista and report to Florida; defendant City knew that if they failed to report plaintiff's completion, plaintiff would be considered in violation, and there was direct contact with plaintiff, as defendant City supervised him. Plaintiff Batista relied on defendant City's relationship as a supervisor. Defendant Florida, in accepting plaintiff into probation and effecting his transfer, all while holding him to a contractual obligation also accepted a duty to insure that they were aware of plaintiff Batista's actions or inactions, and that his compliance would be reported. It is respectfully submitted that defendant Florida was not diligent in requesting progress reports or attempting to locate plaintiff Batista.

POINT IV

### PLAINTIFF ANNA SANCHEX HAS STATED A FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

Plaintiff Anna Sanchez asserts a state law claim of loss of consortium or companionship. In essence she claims that due to the violation of rights of plaintiff Batista, to whom she is legally married, she has attached the above mentioned state law claims through the doctrine of pendant jurisdiction. The arrest and incarceration of plaintiff Batista for nine days, caused her loss of companionship. The Court in this case may decide that said claims may stand as pendant state claims, as the Courts in the

Second Circuit have not officially decided whether said claims may be attached to a §1983 action. See Kreutzberg v. County of Suffolk, 2006 WL 3370351 (E.D.N.Y. 2006).


POINT V

PLAINTIFFS' STATE LAW CLAIMS DO NOT FAIL AS A MATTER OF LAW

To sustain a claim under 42 U.S.C. Section 1983, plaintiffs must show the following: (1) defendants acted under "color of state law" and (2) their conduct or action deprived plaintiff of a right, privilege, or immunity guaranteed by the Constitution or laws of the United States. See, Shabazz v. Vacco, 1998 WL 901737 (S.D.N.Y 1998); Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir.) Defendants City and Florida acted in official capacities "pursuant to" state law, and in effect violated plaintiff's rights.


To sustain a claim for false imprisonment and false arrest, under New York State and Federal Law, plaintiff must show that: (1) the defendant intentionally confined the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; (4) the confinement was not otherwise justified. Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991). In the instant action, plaintiff Batista was intentionally confined by defendants through execution of a warrant, he was aware of his confinement, he contested said confinement, and the confinement was not justified. Although probable cause is a defense to false arrest and false imprisonment, Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994), there was no probable cause here, as defendant Florida's warrant was facially deficient. Furthermore, said warrant was issued

three years prior to its execution by defendant City, all while plaintiff Batista was under the supervision and control of defendant City.

To maintain an action for Intentional Infliction of Emotional Distress, plaintiff must plead and prove that: (1) there was extreme and outrageous conduct; (2) intent to cause severe emotional distress; (3) a causal relationship between the conduct and the resulting injury; (4) severe emotional distress. Bender v. City of New York, 78 F.3d 787, 790 (2d Cir. 1996). Plaintiff Batista was jailed without bail for nine days, without proper food or hygienic care. Defendants' by issuance and execution of the invalid warrant and by labeling plaintiff as a fugitive and absconder, knew plaintiff would be incarcerated under said conditions. The act of issuing and executing the warrant without due diligence caused plaintiffs' emotional distress. Plaintiffs now suffer from stress through fear. The conduct of all defendants in this action, especially in their ministerial duties should be considered outrageous, extreme, atrocious and beyond "all reasonable bounds of decency." Murphy v. Am. Home Prods., 58 N.Y.2d 293 (1983). When the Court looks to the conduct of all defendants in this matter, it will find conduct that is egregious and unbecoming. In sum, said conduct caused all the injuries heretofore complained of.

## Conclusion

Based on the foregoing arguments, plaintiff's Wilfredo Batista and Anna Sanchez respectfully request that the Court deny defendant City of New York and defendant State of Florida's motion for summary judgment.

Dated: Hempstead, New York
     February 16, 2007

          LAW OFFICES OF BROGDON & BUNCH, LLP
          Attorney for Plaintiffs Wilfredo Batista and Anna Sanchez
          250 Fulton Avenue, Suite M200
          Hempstead, New York 11550
          (516) 292-3800

          By: _____
              Joy S. Bunch (JB 1974)

12