UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X

WILFREDO BATISTA and ANA SANCHEZ,

                    Plaintiffs,

      **-against-**

THE CITY OF NEW YORK, STATE OF
FLORIDA; DEPARTMENT OF CORRECTION,
STATE OF FLORIDA; TAMPA EAST DIVISION
AND PAROLE,

                Defendants.
————————————————————X

**PLAINTIFFS' STATEMENT OF
CONTESTED MATERIAL
FACTS PURSUANT TO LOCAL
RULE 56.1**

05 Civ. 8444 (KMK)

      **PLEASE TAKE NOTICE** that pursuant to Local Rule 56.1 of this Court,

Plaintiffs respectfully submits this statement of correspondingly numbered material facts

in opposition to Defendant City and Defendant Florida's statement of uncontested

material facts upon the contention that there are genuine issues to be tried.

## STATEMENT OF CONTESTED FACTS IN RESPONSE TO DEFENDANT CITY OF NEW YORK

      1. It is uncontested that on February 12, 1998, Plaintiff Batista was arrested in the

County of Hillsborough, State of Florida, and was charged with violating the Section of

FL806.13 (1B2), Criminal Mischief in the First Degree and Section FL812.13(12C),

Robbery in the Second Degree. (See III Response from the State of Florida, attached as

Exhibit "I" to the Declaration of Joy S. Bunch, hereinafter the "Bunch Declaration".)

      2. On or about June 12, 1998, Mr. Batista pled guilty to violating the

aforementioned sections of the Florida Statutes, and was sentenced on July 1, 1998. (See

Exhibit "I")

3. Mr. Batista was sentenced to a term of 1 year Probation in exchange for his guilty plea to Section FL806.13, and a term of 3 years Probation in exchange for his guilty plea to Section FL812.13, with Restitution stated in the amount of $200.00. According to the III Response from the State of Florida, Court costs in the amount of Four hundred and five ($405.00) Dollars were ordered, as well as community service, however Special Sentence Provisions were Not Applicable. (See Exhibit "I").

4. According to Mr. Batista, he was not aware of the above stated monetary obligation, nor any monetary obligation. (See Affidavit of Batista)

5. Mr. Batista agreed to comply with the terms of Probation, in an agreement to transfer his sentence of Probation to New York.  He agreed to, complied with and was supervised and discharged from his sentence of probation by the City of New York, however, he was not made aware of a monetary obligation to the State of Florida.  (See Affidavit of Batista, and Exhibit "A", annexed to the "Bunch Declaration").

6. Your affirmant was provided with two very difference Orders of Probation during the "discovery phase" of this matter.  The Order of Probation forwarded by defendant City, among other inconsistencies, does not contain plaintiff Batista's signature, calls for payment of approximately Eight hundred and fifty one ($851.00) Dollars in fees to be paid to the State of Florida, contains the signature of the Honorable Daniel L. Perry, and a copy of the Hillsborough County Circuit Court seal or stamp. It

also contains a provision that plaintiff Batista may transfer to New York, and a final

provision that is illegible. (See Exhibit "B", annexed to the "Bunch Declaration").

7. The second Order of Probation forwarded to your affirmant on October 20,

2006, by the Office of the Attorney General in the State of Florida, was allegedly signed

by plaintiff Batista, contains the signature of a "R. Harrelson, is filled out differently,

does not contain the signature of a Judge or the Circuit Court stamp or seal, and contains

two additional pages of conditions, along with approximately Eight Hundred and Six

($806.00) Dollars in fees.

8. Mr. Batista did agree to abide by the terms and conditions in the Compact

Services Agreement, and did comply with said conditions. In lieu of the Fifty (50) hours

of community service that he was ordered to complete, Mr. Batista completed Three

hundred and seven (307) hours of community service. Mr. Batista never agreed to be

returned to the State of Florida as a fugitive, after completing the conditions of probation,

and after being discharged from probation. (See Exhibit A, and Exhibit "D", attached to

the "Bunch Declaration").

9. It is also contested whether or not the State of Florida requested any progress

report, or was denied a request for the progress of Mr. Batista. It is further contested

whether the City refused, denied or ignored any request. Probation Officer Krisitn

Seltzer, in an Affidavit to the Circuit Court of Hillsborough County, stated that she

attempted to locate Mr. Batista by contacting the State of New York on June 17, 1999,

September 29, 1999, and March 19, 2001, and was unable to locate Mr. Batista, and was

told by the State of New York that "that they were unaware of ..." Mr. Batista's

whereabouts. However, defendant City was clearly aware of Mr. Batista's whereabouts

on all three occasions, because they successfully discharged him from probation on or

about July 5, 2001. See Exhibit "D".


10. It is clearly a material issue whether defendant City was aware of the

monetary obligation, as they claim they were not, yet they were forwarded a package

from defendant Florida that clearly outlines Mr. Batista's alleged monetary obligation.

(See Exhibit "A"). Yet when P.O. Seltzer requests a progress report just before the

warrant is issued, her request is either ignored or denied by defendant City. (See Exhibit

F-Request for Progress Report).


11. The State of Florida Department of Corrections basis for issuance of the

warrant was not only due to failure to comply with the monetary obligation, as asserted

by Defendant City and Defendant State of Florida, but also because Florida considered

Mr. Batista an "absconder", as they were unaware of his whereabouts, and believed that

he had failed to complete the community service terms of the conditions of probation.

The warrant issued, which cites the violation of the "conditions" as well as "special

conditions" of probation do not directly correlate specifically to the conditions in either

of the Orders of Probation. (See Exhibit B, Exhibit C, and Exhibit E, attached to "Bunch

Declaration".

12.  Defendant City and Florida are misleading the Court, with the statements that Mr. Batista was arrested for a violation of probation based on the failure to satisfy monetary obligations alone.  The actual warrant and affidavits show that Mr. Batista was labeled as an absconder, a fugitive, based on the fact that he could not be located, which is not true since at that exact time, he was still under defendant City's supervision, and the fact that he had not completed community service, which is far from true since him completed 307 hours instead of 50.  (See Exhibit "E" and Exhibit "F").

13. The arrest warrant issued on June 7, 2001, is facially invalid, and therefore there was no probable cause for Mr. Batista's arrest. (See Exhibit "E").

14. On or about June 25, 2004, P.O. Kristin Seltzer wrote a letter to the Honorable Daniel L. Perry, requesting recession of the warrant based on the fact that "New York closed interest in the case (without notifying Florida), and told the subject that he had successfully completed probation back in 2001.( See Exhibit "G" attached to the "Bunch Declaration").

15.  The Order Dismissing Warrant, does not clearly state whether Mr. Batista should be restored to supervision or discharged.  Therefore Defendant City and Florida still have a duty to Mr. Batista to see that the sentence of probation is vacated. (See Exhibit "H" attached to the "Bunch" declaration.).

## STATEMENT OF CONTESTED FACTS IN RESPONSE TO DEFENDANT STATE OF FLORIDA

16. On September 3, 2004, a Notice of Claim was mailed to all Defendants herein, via the United States Postal Service by Certified Mail, Return Receipt. (See Exhibit "J" attached to "Bunch Declaration.)

17. Defendant City was served, and acknowledged receipt on September 16, 2004, September 22, 2004, and September 29, 2004. (See Exhibit "K", attached to Bunch Declaration").

18. The Notice of Claim was also sent to County of Hillsborough, Hillsborough County Sheriff's Department and Probation and Parole Services (previously named as Hillsborough County Probation and Parole). All entities signed for receipt of the Notice of Claim, and Hillsborough County acknowledged receipt in a letter dated October 28, 2004. (See Exhibit "L", attached to Bunch Declaration).

19. In letters dated April 20, 2006, and September 28, 2006, the Office of the Attorney General for the State of Florida, acknowledged receipt of the initial complaint, but refused to respond unless plaintiffs amended the complaint to reflect the true name of defendants. The affidavit of service reflects that the initial complaint was served on the Department of Corrections, and that they and Hillsborough County Department of Corrections, Probation and Parole Services (Region2) were one and the same. (See Exhibit "M", attached to Bunch Declaration.).

Dated: Hempstead, New York
     February 16, 2007

          LAW OFFICES OF BROGDON & BUNCH, LLP
          Attorneys for Plaintiff Wilfred Batista & Anna Sanchez
          250 Fulton Avenue, Suite M200
          Hempstead, New York 11550
          (516) 292-3800

          By:_____
             Joy S. Bunch (JB 1974)



## DECLARATION OF JOY S. BUNCH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

WILFREDO BATISTA and ANA SANCHEZ,

                  Plaintiffs,                **DECLARATION OF**
                                                    **JOY S. BUNCH**

      -against-

                                                    05 Civ. 8444 (KMK)

THE CITY OF NEW YORK, STATE OF
FLORIDA; DEPARTMENT OF  CORRECTION,
STATE OF FLORIDA; TAMPA EAST DIVISION
AND PAROLE,

                  Defendants.
_____X

      **JOY S. BUNCH,** declares pursuant to 28 U.S.C. 1746, under penalty of perjury,

that the following is true and correct:

      1. That I am a Partner at the Law Offices of Brogdon & Bunch, LLP, attorney for

the plaintiffs Wilfredo Batista and Anna Sanchez in the above captioned proceeding.  An

such, I an fully familiar with the facts stated below based on conversation with our clients

and the file maintained by my office.

      2. This declaration is submitted in opposition to Defendant "City" and Defendant

"Florida's Summary Judgment Motions to dismiss the complaint pursuant to Rule 56 of

the Federal Rules of Civil Procedure on the grounds that there exists material issues of

fact with respect to each of plaintiff's claims to be tried.

      3. Attached hereto as Exhibit "A" is a copy of the Application for Compact

Services and Agreement to Return and Transfer Package.

      4. Attached hereto as Exhibit "B, is a copy of the Order of Probation disclosed by

in Defendant City's Automatic Disclosure Pursuant to Fed.R.Civ.Pro. 26(a).

5. Attached hereto as Exhibit "C", is a copy of the Order of Probation forwarded by Defendant Florida by facsimile on October 20, 2006.

6. Attached hereto as Exhibit "D", is a copy of the evidence of completion of Plaintiff Batista's conditions of probation.

7. Attached hereto as Exhibit "E", is a copy of the Warrant disclosed by in Defendant City's Automatic Disclosure Pursuant to Fed.R.Civ.Pro. 26(a).

8. Attached hereto as Exhibit "F", is a copy of the Affidavit of Violation of Probation by Probation Officer Kristin Seltzer, dated May 29, 2001 and request for information dated March 19, 2001.

9. Attached hereto as Exhibit "G", is a copy of the Letter of Rescission by Kristin Seltzer, dated June 25, 2004.

10. Attached hereto as Exhibit "H", is a copy of the Order Dismissing Warrant, in the matter of State of Florida v. Batista, Circuit Court of Hillsboro County, Florida, Docket No. 98-02242.

11. Attached hereto as Exhibit "I", is a copy of the III Response from the State of Florida, dated June 18, 2004.

12. Attached hereto as Exhibit "J", is a copy of Plaintiffs' Notice of Claim.

13. Attached hereto as Exhibit "K", is a copy of Defendant City's acknowledgements of receipt of Notice of Claim and proof of service.

14. Attached hereto as Exhibit "L", is a copy of proofs of service for Defendants in Florida, and Hillsborough County acknowledgement of service dated October 28, 2004.

15. Attached hereto as Exhibit "M" is a copy of two letters from the Attorney General's Office acknowledging receipt of service of the initial complaint and Affidavit of Service.

16. Attached hereto is the Affidavit of Wilfredo Batista, dated February 16, 2007.

Dated: Hempstead, New York
February 16, 2007

LAW OFFICES OF BROGDON & BUNCH, LLP
Attorneys for Plaintiff Wilfred Batista & Anna Sanchez
250 Fulton Avenue, Suite M200
Hempstead, New York 11550
(516) 292-3800

By _____
Joy S. Bunch (JB 1974)