UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILFREDO BATISTA and ANNA SANCHEZ,

                  Plaintiffs,

-against-

THE CITY OF NEW YORK, STATE OF FLORIDA:
DEPARTMENT OF CORRECTIONS; STATE OF
FLORIDA: TAMPA EAST DIVISION OF PROBATION
AND PAROLE,

                  Defendants.

---

**AFFIRMATION IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

05 Civ. 8444 (KMK)

     JOY S. BUNCH, declares pursuant to 28 U.S.C. §1746, under penalty of perjury that the following is true and correct:

     1. That I am a Partner at the Law Offices of Brogdon & Bunch, LLP attorney for the Plaintiffs Wilfredo Batista and Anna Sanchez, in the above captioned proceeding. As such, I am fully familiar with the facts and circumstances of the proceeding herein.

     2. That I submit the attached Plaintiff's Statement of Contested Material Facts Pursuant to Local Rule 56.1, Declaration of Joy S. Bunch with attached Exhibits, Affidavit of Wilfredo Batista and Memorandum of Law in Opposition to both Defendant City of New York and Defendant State of Florida's Motions to Dismiss and for Summary Judgment, collectively.

     WHEREFORE, the Plaintiff respectfully requests that all Defendant's motions be dismissed in their entirety, and for any other relief deemed fair and equitable by the Court.

Dated: Hempstead, New York
       February 16, 2007

                  LAW OFFICES OF BROGDON & BUNCH, LLP
                  Attorneys for Plaintiffs Wilfredo Batista and Anna Sanchez
                  250 Fulton Avenue, Suite M200
                  Hempstead, New York 11550
                  (516) 292-3800
                  By: _____
                        Joy S. Bunch, (JB 1974)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————X
WILFREDO BATISTA and ANA SANCHEZ,

           Plaintiffs,         AFFIDAVIT IN OPPOSITION

-against-

                                           05 Civ. 8444 (KMK)

THE CITY OF NEW YORK, STATE OF
FLORIDA; DEPARTMENT OF CORRECTION,
STATE OF FLORIDA; TAMPA EAST DIVISION
AND PAROLE,

           Defendants.
———————————————————X

WILFREDO BATISTA, being duly sworn, deposes and says:

    1. That I am one of the Plaintiffs in the above captioned action, and I make this affidavit in opposition to the Motion for Summary Judgment noticed by both Defendants, The City of New York and The State of Florida pursuant to Rule 56(e) of the Federal Rules of Civil Procedure.

    2. That I make this affidavit based on personal knowledge and there are specific facts in dispute in this proceeding.

    3. That on or about February 12, 1998, I was arrested in Hillsboro County, Florida and was charged with the crimes of Robbery in the Second Degree and Criminal Mischief in the First Degree.

    4. That I plead guilty to both crimes and was sentenced to a term of probation by the Circuit Court of Hillsboro County, Florida for a total of 48 months.

    5. That on July 1, 1998, I did apply for permission to transfer my Probation to the State of New York, and did sign an Application for Compact Services and Agreement to Return. See Exhibit A.

    6. That I was never made aware of the conditions of probation in writing, including the monetary obligations to the State of Florida. As the court can see, my signature is not on the document that the Defendant City of New York constantly refers to as the Order of Probation, attached hereto as Exhibit B.

    7. In addition, defendant State of Florida provided another document to my attorney that is purportedly the same Order of Probation that "allegedly" contains my signature, but is not signed by a Judge, which is attached hereto as Exhibit C. I submit to

this Court, that although this document appears to contain my signature, I was never advised as to the Special Conditions, which are on the orphaned page, nor does this document contain the Hillsborough County Circuit Court seal. The document forwarded to my attorney by Florida, contains the same monetary obligation referred to by defendant City of New York in their affidavit, but are two completely different documents which contradict one another. I respectfully submit to the Court that this is evidence that either one or both of these documents were "created" for purposes of this motion, and show that there are facts that are directly in controversy. Upon information and belief, the document was forwarded to my attorney via facsimile by Jerry Siebens, Esq., of the Attorney General's Office for the State of Florida. Upon information and belief, said document was never disclosed in a discovery response to either defendant City of New York, nor to my attorney.

8. That I have always advised the Probation Officer appointed to me by the City of New York, of my whereabouts. In addition, I completed not fifty (50) hours as ordered, but three hundred and seven (307) hours of Community Service. I also completed the Nova Ancora Pre-Employment Project. See Exhibit D.

9. All of the tasks completed were done at the direction and under the supervision of New York City Probation Department. Upon my release from Probation, at no time was I ever advised that I owed a monetary obligation to the State of Florida. See Exhibit E.

10. On or about July 16, 2004, Detectives from the 33rd Precinct of the New York City Police Department came to my mother's home with an arrest warrant. Once my mother advised me of the warrant, I turned myself in to the Precinct, and was advised that I was being charged as a fugitive from Florida as I had violated the terms and conditions of probation.

11. The warrant issued, cites several violation of probation. In addition to the monetary obligation allegedly, owed, the warrant issues stated that I failed to complete 50 hours of community services. It also stated that I was an absconder, as the State of New York informed them that they did not know my whereabouts, nor did New York forward any information concerning the completion of the community service, although the State of Florida stated that they requested it.

12. After the attorney that defended me on this warrant contacted the New York City Department of Probation, he advised me that the City stated they had no knowledge that I owed a monetary obligation, and promptly forwarded the documents annexed as Exhibit D to P.O. Kristin Seltzer on June 24, 2004. I was also advised to pay Nine hundred and five ($905) dollars, which my wife, Ana Sanchez, promptly paid. I contested that I owed it, but I wanted to be released. I was then released on June 26, 2004.

13. That in light of these facts, which are in direct contradiction to the "undisputed facts" alleged by the Defendants in their motions to dismiss, Defendant' motion for summary judgment should be denied.

14. That the foregoing facts stated are true, and I swear to them under penalties of perjury pursuant to 28 U.S.C.§ 1746.

WHEREFORE, I respectfully request that Defendant's City of New York, and State of Florida be dismissed in its entirety.

WILFREDO BATISTA

Sworn to before me this
16th day of February, 2007

NOTARY PUBLIC

PLAINTIFF'S STATEMENT