Index No. 05 Civ. 8444 (KMK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO BATISTA and ANNA SANCHEZ,

Plaintiffs,

-against-

THE CITY OF NEW YORK, STATE OF FLORIDA: DEPARTMENT OF CORRECTIONS; STATE OF FLORIDA: TAMPA EAST DIVISION AND PAROLE,

Defendants.

**DEFENDANT CITY OF NEW YORK'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Hillary A. Frommer*
*Tel: (212) 788-0823*
*NYCLIS No. 05SF025552*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT...................................................................... 1

ARGUMENT.................................................................................................. 2

    POINT I

        PLAINTIFFS FAILED TO COMPLY WITH LOCAL
        RULE 56.1 (B) AND ALL OF THE STATEMENTS
        CONTAINED IN DEFENDANT'S 56.1(A)
        STATEMENT MUST BE DEEMED ADMITTED...................... 2

    POINT II

        PLAINTIFFS FAIL TO PRESENT ANY
        EVIDENCE TO SUPPORT A CLAIM FOR
        MUNICIPAL LIABILITY BASED ON A THEORY
        OF DELIBERATE INDIFFERENCE.......................................... 6

    POINT III

        PLAINTIFF SANCHEZ ADMITS THAT SHE
        CANNOT MAINTAIN ANY FEDERAL CLAIM
        AND THE COURT CANNOT CONVERT HER
        CLAIM INTO A STATE LAW CLAIM..................................... 9

CONCLUSION............................................................................................ 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

WILFREDO BATISTA and ANNA SANCHEZ,

                                 Plaintiffs,

-against-

THE CITY OF NEW YORK, STATE OF FLORIDA:
DEPARTMENT OF CORRECTIONS; STATE OF
FLORIDA: TAMPA EAST DIVISION AND PAROLE,

                                 Defendants.

------------------------------------------------------------------ x

**DEFENDANT CITY'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

05 Civ. 8444 (KMK)

Defendant City of New York, by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, hereby submits this Reply Memorandum of Law in Support of its Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking dismissal of this matter in its entirety and with prejudice.

### Preliminary Statement

On December 18, 2006 Defendant City of New York moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Without providing any evidence of a municipal policy, practice or custom that directly resulted in the alleged deprivation of plaintiffs' rights, as required under Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018 (1978), and relying solely on unsupported conclusions, inapplicable state law standards that are neither precedent nor binding on this Court, and the professed ignorance of court orders, plaintiffs opposed summary judgment. Defendant City now submits this reply brief and argues that, in addition to those arguments set forth in defendant City's original motion papers, summary judgment is warranted and should be granted because (1) plaintiffs failed to comply with Local Rule 56.1(b) and all of the statements contained in defendant City's 56.1(a) Statement must be deemed admitted; (2) plaintiff Batista wholly fails to allege or present any facts to support his claim of municipal liability based on a theory of deliberate indifference; and (3) plaintiff

Sanchez fails to state any federal claim against the City of New York and cannot merely ask the Court to convert her claim to a state law claim where no such state law claim was ever asserted by her.

## Argument

The law is clear that once the moving party has presented a properly supported motion for summary judgment, the burden shifts and the nonmoving party is required to present facts that show there is a genuine issue for trial. Peck v. Pub. Serv. Mut. Ins. Co., 326 F.3d 330, 337 (2d Cir. 2003). Here, defendants have put forth a properly supported motion for summary judgment. Plaintiffs Batista and Sanchez must now present actual admissible evidence that establishes there is a genuine issue for trial. The Court must conclude that plaintiffs failed to satisfy their burden.

### POINT I
### PLAINTIFFS FAILED TO COMPLY WITH LOCAL RULE 56.1(b) AND ALL OF THE STATEMENTS CONTAINED IN DEFENDANT'S 56.1(a) STATEMENT MUST BE DEEMED ADMITTED

The Second Circuit has held that a "moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223-23 (2d Cir. 1994). Factual disputes that are irrelevant or unnecessary will not be counted." Dukes v. City of New York, 879 F. Supp. 335, 339 (S.D.N.Y. 1995). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Id. Rather, to survive summary judgment, the nonmoving party must offer evidence demonstrating that there exists a genuine issue of fact which must be decided by a fact finder. "When confronted with evidence of facts that would support judgment in the defendant's favor as a matter of law, the plaintiff must come forward with evidence in admissible form that is capable of refuting those facts." Robinson v. United States, 02 Civ. 5166 (DF), 2005 U.S. Dist. LEXIS 5385, at *12 (S.D.N.Y. Mar. 31, 2005) (quoting Fed. R. Civ. P. 56(e)). Where the plaintiff fails to refute those facts, there is no genuine issue of material fact and summary judgment should be granted.

The standard for summary judgment is clear and plaintiffs cannot defeat defendant's motion by simply relying on conclusory allegations or "unsubstantiated speculation." Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). Local Rule 56.1(b) requires that "the papers opposing a motion for summary judgment shall include a separate, short and concise statement of material facts as to which it is contended that there exists a genuine issue to be tried." Pursuant to Local Rule 56.1(e), each statement set forth by plaintiff in his opposition "must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)." However, where a nonmovant fails to satisfy this statutory obligation, all of the moving party's factual statements are deemed admitted. Giannullo v. City of New York, 332 F.3d 139, 140 (2d Cir. 2003). Moreover, "where the party opposing a motion for summary judgment fails to submit a proper counter-statement of material facts, controverting the moving party's statement, courts have deemed the moving party's statement of facts to be admitted and have granted summary judgment in favor of the moving party on the basis of the uncontroverted facts." D'Nelson v. Costco Wholesale Corp., 03 CV 219 (CLP), 2006 U.S. Dist. LEXIS 16986, at * 10 (E.D.N.Y. Mar. 22, 2006); Millus v. D'Angelo, 224 F.3d 137, 138 (2d Cir. 2000) (affirming district court's granting of summary judgment based on plaintiff's failure to submit statement pursuant to Rule 56.1 controverting defendants' assertion of facts).

Pursuant to the local rules of the Untied States District Court for the Southern District of New York, defendant City served plaintiffs with a Statement of Material Facts Pursuant to Local Rule 56.1 in connection with its motion for summary judgment, setting forth those facts defendant contends are not in dispute and upon which evidence summary judgment should be granted in defendants' favor. Each of defendant's separately enumerated facts was supported by documentary evidence, the citation to which was indicated at each paragraph. Plaintiff, however, failed to provide the requisite Statement pursuant to Local Rule 56.1(b) either admitting or denying each of the facts provided by defendant City and deemed uncontested. Rather, plaintiffs provided their own statement which merely sets forth plaintiffs' own

opinion about the facts. Such statement fails to comply with the local rules and the Court should deem each of defendant City's facts admitted.

Moreover, notwithstanding plaintiffs' own failures to comply with the Local Rules of this Court, it appears that plaintiff Batista seeks to argue, for the first time in opposing summary judgment, a myriad of excuses to oppose summary judgment. However, the Court should reject each excuse, and find that plaintiffs have done nothing more than assert conclusory allegations that are insufficient to oppose summary judgment.

First, plaintiff Batista seeks to oppose summary judgment by asserting that he was unaware of the clear Order of Probation issued by the Circuit Court of Hillsborough County Florida on July 1, 1998 and signed by the Clerk of the Court. Plaintiff Batista asserts that since his signature does not appear on that document (attached as Exhibit "B" to both the City's motion for summary judgment and plaintiffs' opposition to summary judgment), he did not have to comply with the Order and cannot be held responsible for the clear an unambiguous monetary obligations set forth in that Court Order and imposed on him pursuant to that Order. Notably, however, plaintiff Batista does <u>not</u> claim that he was unaware of the July 1, 1998 Court Order. He simply contends that defendant is not entitled to rely on the Court Order because it does not contain his signature. Plaintiff Batista's assertion is nothing short of absurd. Under plaintiff's theory, no party could ever rely upon a court order that does not contain the signature of the opposing party. Similarly, under plaintiff's misguided theory, no party would ever have to comply with a court order unless his or her own signature appears on such order.[1] The maxim that "ignorance of the law is no excuse" applies equally to civil and criminal cases. <u>In re Air Disaster at Lockerbie Scotland</u>, 37 F.3d 804 at *30-31 (2d Cir. 1994). Moreover, a party who simply fails to read or comprehend the rules cannot satisfy the "excusable neglect" standard to excuse conduct. <u>Weinstock v. Cleary, Gottlieb, Steen & Hamilton</u>, 16 F.3d 501, 503 (2d Cir. 1994); <u>Silivanch v. Celebrity Cruises, Inc.</u>, 333 F.3d 355, 368 (2d

---

[1] In fact, according to plaintiff's position, he would not be required to comply with this Court's briefing schedule as plaintiff did not sign the November 3, 2006 Court Order setting forth such schedule.

-4-

Cir. 2003) (holding "the failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect"); Jowers v. Lakeside Family & Childrens' Servs., 435 F. Supp. 280 (S.D.N.Y. 2006) (holding the plaintiff could not rely on ignorance of the law of tolling as an excuse for failing to timely file a claim). Plaintiff Batista's assertion that he need not comply with a Court Order entered in his very own probation case because he did not sign it and, therefore, is immune from the effects of violating that Court Order must be rejected by this Court. Moreover, the Court must conclude that plaintiff Batista's professed ignorance of the Hillsborough County Circuit Court Orders cannot be a basis on which to hold the City of New York liable under any theory of municipal liability where the uncontroverted evidence establishes that the New York County District Attorney's Office honored the request by the Hillsborough County Sheriff's Office to execute the warrant for plaintiff Batista's request.

Second, plaintiff Batista seeks to overcome summary judgment by making the wholly conclusory statement that the warrant issued for his arrest by Hillsborough County is facially invalid. (See Pl. Stmt. ¶ 13). Plaintiff provides no basis, either legal or factual, on which this Court could conclude that the Hillsborough County warrant is facially invalid, nor does plaintiff provide a scintilla of evidence to support that blanket assertion. Notably, at no time prior to submitting his February 16, 2007 opposition to defendant City's motion for summary judgment did plaintiff ever assert that the warrant issued by Hillsborough County Florida was invalid. Moreover, plaintiff contends that he was incarcerated for nine days, yet presents no evidence that during that time, ever asserted that the warrant was facially invalid and, therefore, could not have led to his incarceration. For example, plaintiff Batista provides no applications or motions made on his behalf in the Criminal Court of the State of New York to vacate the warrant. Additionally, plaintiff Batista's notice of claim is barren of any assertion that he was detained pursuant to a facially invalid Hillsborough County Florida warrant. Finally, plaintiff Batista's Amended Complaint contains no allegation that plaintiff was arrested and detained due to a facially invalid warrant. This Court should conclude that plaintiff Batista's untimely blanket and unsupported claim that the

warrant signed by Judge Daniel Perry and filed by the Clerk Circuit Court of Hillsborough County Florida is nothing more than a feeble last minute attempt to overcome summary judgment which is warranted.

Therefore, as plaintiffs have wholly failed to meet their obligations for opposing summary judgment, and seek to avoid their burdens by making untimely and inappropriate assertions without any evidentiary support, this Court must deem all of the facts provided by defendant City admitted and grant summary judgment in favor of defendant City.

## POINT II
## PLAINTIFFS FAIL TO PRESENT ANY EVIDENCE TO SUPPORT A CLAIM FOR MUNICIPAL LIABILITY BASED ON A THEORY OF DELIBERATE INDIFFERENCE

As set forth in defendant City's original motion papers, plaintiff Batista cannot succeed on his "deliberate indifference" theory of municipal liability against the City because plaintiff has failed to put forth a scintilla of evidence satisfying the very high standard plaintiffs must meet to succeed on this claim. According to the Amended Verified Complaint, plaintiffs claim that the City's hiring, training, and supervision of its employees constitutes deliberate indifference in violation of plaintiff Batista's federal civil rights. To succeed on that federal claim, plaintiffs must prove with actual admissible evidence that the City of New York maintains any policy, practice or custom of negligently hiring, training, disciplining, or retaining its employees that rises to the level of a "conscious disregard" for a risk of future violations of clearly established constitutional rights by badly trained employees. Amnesty America v. Town of West Hartford, 361 F.3d 113, 127, n.8 (2d Cir. 2004). Contrary to his faulty belief, plaintiff Batista must satisfy the three-prong test set forth by the Court of Appeals for the Second Circuit, not any test pronounced by a state court or other Circuit—as such tests are neither precedent nor binding on this Court. Thus, plaintiff Batista's reliance on Lauer v. City of New York, 95 N.Y.2d 95 (2000) is misplaced and irrelevant. The Second Circuit requires that plaintiff put forth admissible evidence demonstrating: (1) a municipal policy maker knows to a moral certainty that employees will confront a given situation; (2) the situation at issue presents an employee with a difficult choice or the sort that will be made less difficult by training or supervision or the employee has a history of mishandling the situation; and (3) the

wrong choice by the employee will frequently cause a deprivation of an individual's constitutional rights of the kind alleged. Walker v. City of New York, 974 F.2d 293, 297-98 (2d Cir. 1993). Furthermore, at the summary judgment stage, the Second Circuit requires a fourth showing. Plaintiff must "identify a specific deficiency in the city's training program and establish that the deficiency is closely related to the ultimate injury, such that it actually caused the constitutional deprivation." Green v. City of New York, 465 F.3d 65, 80-81 (2d Cir. 2006). If a plaintiff cannot put forth actual evidence to prove each of these required elements, he cannot establish municipal liability based on a "deliberate indifference" theory.

In the matter at bar, plaintiff Batista does not even attempt to put forth any evidence to prove any of these four required elements. Instead, plaintiff asks this Court deny summary judgment by concluding—without any actual evidence and relying solely on his bare allegations—that the City maintained a "special relationship" to plaintiff and, therefore, violated his constitutional rights. However, as the Second Circuit does not confer municipal liability under a failure to train theory based on a "special relationship," plaintiff's analysis is flawed and does not support his claims. Moreover, as set forth in Part I supra, plaintiff Batista argues that the City is liable because he did not sign the Hillsborough County Circuit Court Order or because plaintiff believes the warrant issued for his arrest is facially invalid. Neither of those excuses is evidence of a deficient training program maintained by the City that directly caused the alleged deprivation of plaintiff Batista's rights. Indeed, plaintiff points to no training program, let alone any deficient training program that could support his claim. The Court should conclude that the total absence of any evidence whatsoever is fatal to plaintiff Batista's claims and mandates dismissal of them. See Richardson v. City of New York, 04 Civ. 05314 (THK), 2006 U.S. Dist. LEXIS 92731, at *27 (S.D.N.Y. Dec. 21, 2006) (plaintiff's deliberate indifference claim against the City failed where the plaintiff presented no evidence whatsoever that the City maintained a "specific deficiency" in its training program that directly caused the alleged deprivation of the plaintiff's constitutional rights).

Plaintiff Batista's reliance on Vann v. The City of New York, 72 F.3d 1040 (2d Cir. 1995), is curious since Vann supports defendant City's position that a plaintiff must present the Court with

evidence in order to overcome summary judgment against a municipality on a deliberate indifference theory. In that case, the plaintiff alleged that a defendant police officer used excessive force against him. The plaintiff also asserted that the City was liable under a theory of deliberate indifference based on its training programs and particular supervision of that defendant officer. The District Court granted summary judgment in favor of the defendants and the Second Circuit vacated the decision and remanded the case for trial. Contrary to plaintiff Batista, the plaintiff in Vann opposed summary judgment by presenting actual admissible evidence of both the New York City Police Department's training programs and the particular training and supervision of the identified police officer. Based on that evidence, the Second Circuit found there existed a genuine issue of material fact as to whether the municipality's handling of that particular officer could constitute deliberate indifference and such training did in fact cause the specific constitutional violation alleged in that case. Here, on the other hand, plaintiff Batista presents no evidence whatsoever regarding any municipal training. Thus, plaintiff cannot present any evidence to raise a genuine issue of material fact.

Additionally, plaintiff Batista does not even address two important arguments put forth by the City. First, there cannot be municipal liability where the allegation is that the City failed to train (even where such broad-sweeping allegation is tied to a deliberate indifference theory) if the plaintiff fails to establish any wrongdoing by a City employee. Matican v. City of New York, 424 F. Supp. 2d 497, 508 (E.D.N.Y. 2006). Here, as plaintiffs have put forth no evidence whatsoever to prove that any City employee engaged in any wrongdoing that directly resulted in the alleged violation of Batista's constitutional rights, plaintiff Batista cannot establish municipal liability. Second, there cannot be any municipal liability where the complaint does nothing more than allege a single isolated incident and where the plaintiff puts forth no admissible evidence that such single incident was directly caused by an existing unconstitutional municipal policy. City of Oklahoma v. Tuttle, 471 U.S. 808, 824-25, 105 S. Ct. 2427 (1985). Again, plaintiff Batista does nothing more than draw the Court's attention to his own situation; he neither alleged nor presented any evidence of any other individual who faced similar

circumstances. Nor does plaintiff present any evidence that the City maintained any unconstitutional policy that directly caused his arrest. This single allegation without any supporting evidence does not establish municipal liability. Thus, plaintiff Batista's claim must be dismissed.

## POINT III
### PLAINTIFF SANCHEZ ADMITS THAT SHE CANNOT MAINTAIN ANY FEDERAL CLAIM AND THE COURT CANNOT CONVERT HER CLAIM INTO A STATE LAW CLAIM

In opposing summary judgment, plaintiff Sanchez concedes that she cannot maintain any federal claim against the City. She asks, however, that the Court "convert" her claim into a state law claim for loss of consortium. The Court must reject this request and find that plaintiff Sanchez in fact did not assert any state law claim against the City of New York. In fact, a close reading of the Amended Verified Complaint reveals that plaintiff Sanchez in fact did not assert any claim on her own behalf whatsoever. While plaintiff Batista asserted a federal claim of municipal liability through a false arrest and asserted state law claims of intentional infliction of emotional distress, negligent infliction of emotional distress, negligent hiring, training, and retention, and claims under the New York State Constitution, all based upon plaintiff Batista's detention pursuant to the valid Hillsborough County warrant, plaintiff Sanchez does not assert a single claim on her behalf. She does not allege that her rights were violated in any way or that she was wronged in any way under federal or state law. Rather, she simply alleges that she sustained damages as a result of these alleged violations against plaintiff Batista. Plaintiff Sanchez cannot recover damages where she does not allege any claim on which liability can rest against defendant City.

Even if the Court reads plaintiff Sanchez's allegations to constitute a state law claim for loss of consortium, because the sole federal claim asserted in this action against the City fails as a matter of law, the Court should dismiss such purported pendent state law claim allegedly asserted by plaintiff Sanchez. "In general, where the federal claim are dismissed before trial, the state claim should be dismissed as well." Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998).

Additionally, in its original motion papers, defendant City argued that all of plaintiff Batista's state law claims should be dismissed. While plaintiff opposed summary judgment on those claims,

-9-

plaintiff failed to present any basis for that opposition. Rather, plaintiff Batista merely reiterated the claims asserted in the Amended Verified Complaint, identified the elements of each claim, yet failed to put forth any evidence to support those elements. Plaintiff's mere conclusion that he has properly stated his state law claims, without more does not overcome summary judgment. If the Court considers plaintiff Sanchez's claim under state law, it is a derivative claim based on the claim alleged by plaintiff Batista. Perrin v. Hilton International, Inc., 797 F. Supp. 296, 302 (S.D.N.Y. 1992). However, a derivative claim survives only if one of the spouse's claims is viable. Smith v. City of New York, 388 F. Supp. 2d 179, 187 (S.D.N.Y. 2005); Rodriguez v. American Restaurant Ventures, Inc., 923 F. Supp. 598 (S.D.N.Y. 1996) (dismissal of husband's main negligence action required dismissal of wife's derivative loss of consortium claim). Plaintiff Batista's intentional infliction of emotional distress, negligent infliction of emotional distress, negligent hiring, training, and retention, and claims under the New York State Constitution all fail as a matter of law, and, thus, so too does the "claim" of plaintiff Sanchez.

## Conclusion

For the foregoing reasons, and for the reasons set forth in defendant City's original motion papers, defendant City of New York respectfully requests that the Court grant its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and dismiss this matter in its entirety with prejudice.

Dated:     New York, New York
           March 30, 2007

                                  MICHAEL A. CARDOZO
                                  Corporation Counsel of the City of New York
                                  Attorney for Defendant City
                                  100 Church Street
                                  Room 3-212
                                  New York, New York 10007
                                  (212) 788-0823

                              By: _____
                                  Hillary A. Frommer (HF 9286)
                                  Senior Counsel

## CERTIFICATE OF SERVICE BY MAIL

    I, Hillary A. Frommer, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on March 30, 2007, I served the annexed **Defendant City's Reply Memorandum of Law in Support of Its Motion for Summary Judgment** upon the following counsel of record by depositing a copy of same, enclosed in a first-class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney at the address set forth below, being the address designated by said attorney for that purpose:

        Joy Bunch
        Law Offices of Brogdon & Bunch, LLP
        250 Fulton Avenue
        Suite M200
        Hempstead, New York 11550

        Gerald D. Siebens,
        Assistant Attorney General
        Office of the Attorney General
        Tampa Civil Litigation Bureau
        501 East Kennedy Boulevard, Suite 1100
        Tampa, Florida 33602-5237

Dated: New York, New York
       March 30, 2007

                                        */s/ Hillary A. Frommer*
                                        Hillary A. Frommer