UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO BATISTA AND ANNA SANCHEZ
    Plaintiffs,

vs.   CASE NO. 1:05-CV-08444-KMK
Defendants Reply to Plaintiff's
Memorandum of Law in Opposition to
Motion to Dismiss

THE CITY OF NEW YORK; STATE OF FLORIDA,
DEPARTMENT OF CORRECTIONS; STATE OF
FLORIDA, TAMPA EAST DIVISION AND PAROLE,
    Defendants.
_____/

    COME NOW, Defendants, State of Florida, Department of Corrections and State of Florida, Tampa East Division and Parole (hereinafter "Florida Defendants") by and through undersigned counsel, and hereby files this Reply to Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss[1] and in support thereof, submits the following Memorandum of Law.

Parties and Statement of Facts

    The parties, statement of facts and arguments of law were provided previously in the Florida Defendants Motion to Dismiss mailed to the Court and all other counsel on December 13, 2006 and are incorporated by reference herein. Additionally the Florida Defendants make the following arguments in response to Plaintiffs Memorandum of Law.

Eleventh Amendment Immunity

    Plaintiff does not deny that the Florida Defendants, are entitled to assert the defense of

---

[1] Although Plaintiff refers to State of Florida's Motion for Summary Judgment in their response, the Florida Defendants have only filed a Motion to Dismiss and respectfully maintains that the Court should only look at the four corners of the complaint in ruling upon it's Motion to Dismiss and Plaintiff's response thereto.

immunity under the Eleventh Amendment. Rather, Plaintiff alleges the Florida Defendants waived their Eleventh Amendment Immunity when they submitted two letters to Plaintiffs' attorney[2].

The purpose and content of the letter dated April 20, 2006 was to advise Plaintiffs that if their intent was to sue the State of Florida Department of Corrections, they had listed and served the wrong parties, and that the undersigned attorney did not have the authority to accept service on behalf of the State of Florida. The purpose and content of the letter dated September 26, 2006 was to inform Plaintiffs that despite their prior assertions, the Amended Complaint had not been served on the Defendants, State of Florida, Department of Corrections and State of Florida and Tampa East Division and Parole and the undersigned attorney was not authorized to accept service on their behalf. Nowhere in either letter is there any mention of waiving any immunity or defense by any Florida Defendant.

Waiver is found "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction. Welch v. Texas Dept. of Highways, 483 U.S. 468; 107 S. Ct. 2941; 97 L. Ed. 2d 389 (1987). Because constructive consent is not a doctrine commonly associated with the surrender of constitutional rights, the Court will find a waiver by the State only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction. *Id.* at 473. *Citing* Murray v. Wilson Distilling Co., 213 U.S. 151; 29 S. Ct. 458; 53 L. Ed. 742 (1909). The classic description of an effective waiver of a constitutional right is the intentional relinquishment or abandonment of a known right or privilege. College Savings Bank v.

---

[2]The letters dated April 20, 2006 and September 26, 2006 are attached as Exhibit M to Plaintiff's Memorandum of Law in Opposition to Defendant State of Florida's Motion to Dismiss and Defendant City of New York Motion for Summary Judgment and are incorporated by reference herein.

Florida Prepaid Postsecondary Education Expense Board, 527 U.S. 666; 119 S. Ct. 2219; 144 L. Ed. 2d 605 (1999) *citing* Johnson v. Zerbst, 304 U.S. 458, 464; 58 S. Ct. 809; 81 L. Ed. 1461 (1937). Furthermore, Courts indulge every reasonable presumption against waiver of fundamental constitutional rights. College Savings Bank 527 U.S. at 682. Plaintiffs argument that the Florida Defendants waived their immunity under the Eleventh Amendment is wholly and utterly without merit, is not supported by existing law or by any non-frivolous argument. Dismissal with prejudice is proper.

False Arrest and Imprisonment and Intentional Infliction of Emotional Distress

Complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning and thereby fail to rebut the legal presumption that a reasonable officer is entitled to rely on a facially valid search warrant obtained by another officer. Pou v. U.S. Drug Enforcement Administration, 923 F. Supp. 573, 580 (S.D.N.Y. 1986). There can be no federal civil rights claim for false arrest where the arresting officer had probable cause. Singer v. Fulton County Sheriff, 63 F.3d 110 (2d Cir. 1995). The existence of probable cause gives an officer the privilege to arrest and is a complete defense to an action for false arrest. Hinton v. Moritz, 11 F. Supp. 2d 272 (W.D.N.Y. 1998). The elements for false arrest and false imprisonment are identical in New York. Singer at 118. Additionally, probable cause to arrest an individual defeats a claim of intentional infliction of emotional distress. Brown v. City of New York, 306 F. Supp. 2d 473 (S.D.N.Y. 2004).

It is undisputed that the City of New York arrested Plaintiff pursuant to an arrest warrant issued from the State of Florida. Under the authority cited above, the Defendants had probable cause to arrest Mr. Batista and Plaintiff's claims must fail as a matter of law. However, Plaintiff attempts

to argue that the arrest warrant was facially invalid and therefore could not be used as probable cause to arrest Mr. Batista.

A Plaintiff challenging the validity of an arrest warrant faces a heavy burden. Simms v. Village of Albion, 115 F. 3d 1098, 1107 (2nd Cir. 1997). To challenge the veracity of the affidavit for a warrant, the challenger must make a substantial preliminary showing that the affiant knowingly and intentionally made a false statement that was necessary to the finding of probable cause. *Id.* (emphasis added). Taken in the light most favorable to Plaintiff, their claims are based on the theory that the State of Florida either failed to contact the City of New York regarding Mr. Batista's probation, or that the City of New York failed to relay information on Mr. Batista's probation to the State of Florida. Neither of these theories and none of the arguments made by Plaintiff show that the arrest warrant was issued by an affiant who knowingly and intentionally made a false statement in seeking the arrest warrant.

Additionally, probable cause may exist even when it is based on inaccurate information, "so long as the arresting officer acted reasonably and in good faith in relying on that information." Bernard v. United States of America, 25 F.3d 98 (2nd Cir. 1994). As such, even if the arrest warrant was issued in error, there was still probable cause to arrest Mr. Batista. Dismissal with prejudice is proper.

WHEREFORE, the Defendants State of Florida, Department of Corrections and State of Florida, Tampa East Division and Parole respectfully ask that the Court dismiss Plaintiffs' Complaint with prejudice and grant the Defendants, State of Florida, Department of Corrections and State of Florida, Tampa East Division and Parole, costs and fees of this action and such other and further relief as the Court deems just and proper.

        Respectfully submitted,
        CHARLES J. CRIST, JR.
        Attorney General

        /s/ Gerald D. Siebens
        Gerald D. Siebens
        Assistant Attorney General
        Florida Bar# 0076066
        OFFICE OF THE ATTORNEY GENERAL
        501 East Kennedy Boulevard, Suite 1100
        Tampa, FL  33602
        T - 813 / 233-2880    F - 813 / 233-2886
        Gerald_Siebens@oag.state.fl.us

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I mailed the foregoing document to the following participants: Joy Bunch, Esquire, Law Office of Brogan & Bunch, LLP 250 Fulton Avenue, Suite M200, Homestead, New York, 11550 and Hillary A. Frommer, Assistant Corporation Counsel of the City of New York, 100 Church Street, Room 3-212, New York, New York, 10007 via U.S., on this the 30th day of March, 2007.

        /s/ Gerald D. Siebens
        Gerald D. Siebens
        Assistant Attorney General